FILED

UNITED STATES DISTRICT COURT

2003 DEC 12 A 10: 51

DISTRICT OF CONNECTICUT

US DISTRICT COURT
BRIDGEPORT CT

JOSEPH P. BICHSEL
        Plaintiff        Civil Action No.
                              303 CV 0288 (WWE)
V.

JILLIAN WONG and ALEX WONG    DECEMBER 11, 2003
        Defendants

**DEFENDANTS' MOTION FOR EXTENSION OF TIME AND TO RESET THE DISCOVERY SCHEDULE**

The defendants respectfully move for an extension of time within which to conduct discovery in this case and to adjust the discovery deadlines accordingly. As originally agreed upon by the parties and ordered by the court, defense experts were to be disclosed by October 1, 2003, and discovery was to be concluded by December 15, 2003. However, the plaintiff has been still treating and his final medical reports and evaluations have not been received by plaintiff's counsel and thus not available for the defendants.

In addition, and most importantly, plaintiff resides in

ARGUMENT ~~IS~~/NOT REQUESTED
TESTIMONY **IS** NOT REQUIRED

the Virgin Islands, and the parties have been unable to arrange an agreement consonant with travel plans of plaintiff's counsel and the plaintiff himself and with the schedule of defense counsel to set a convenient time for the plaintiff to be deposed here in Connecticut or New York within the time allowed by the original court deadlines, despite diligent good faith efforts by both counsel.

The defendants need final medical reports in order to evaluate the case, and they need to take the deposition of the plaintiff. Depending upon the results of the plaintiff's deposition, defendants may need to depose plaintiff's trial experts, such as his forensic economist, his primary treating or evaluating physician and his vocational rehaiblitation specialist, and, possibly, such additional witnesses with respect to his injury and damages claims as may be revealed by the plaintiff's deposition.

The defendants have been advised by plaintiff's counsel that final medical reports will be forthcoming within 45 days. Based upon this assumption, defendant will need 90 days from December 15, 2003, within which to complete the foregoing discovery and prepare the case for trial or

meaningful settlement discussions.

On December 11, 203, undersigned counsel for the defendants spoke with plaintiff's attorney Edward L. Barry and he agreed to the 90 day extension. He and undersigned also made tentative plans for the deposition of the plaintiff in Connecticut before the end of January, 2004.

This is the first such extension requested.

Wherefore, the defendants respectfully move the court to reset the discovery deadline for 90 days from December 15, 2003, and to adjust subsequent deadlines accordingly.

                      THE DEFENDANTS

BY: _____
      ROBERT G. OLIVER
      MULVEY, OLIVER & GOULD
      83 TRUMBULL STREET
      NEW HAVEN, CT 06511
      (203) 624-5111
      FED. ID. # CT 00192

## CERTIFICATION

I hereby certify that the foregoing was mailed, postage prepaid, on December 11, 2003 to:

William J. Kupinse, Jr., Esq.
Warren F. Sasso, Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted
St. Croix, U.S. VI  00820

_____
ROBERT G. OLIVER

\\Htserver\mcq\McuG\Active\Fireman's Fund 006700\Wong v. Bichsel RGO 103\Pleadings\motion for extension re discovery.wpd