UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
      PLAINTIFF                    CIVIL ACTION NO.:03-CV-
                                          0288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
      DEFENDANTS              OCTOBER 21, 2004

### <u>MOTION IN LIMINE RE CHOICE OF LAW</u>

Pursuant to Local Rule 7, the defendants Jillian Wong and Alex Wong hereby move in limine for an order of the Court determining that, in this diversity action for personal injuries sustained in a motor vehicle accident in New York State, New York substantive law governs this action.

The defendants contend that by application of Connecticut's choice of law rules, the substantive law of New York governs this action.

**Oral Argument Requested**
**Testimony Not Required**

DEFENDANTS, JILLIAN WONG AND
    ALEX WONG


BY:_____
        ROBERT G. OLIVER.
        MULVEY, OLIVER, GOULD & CROTTA
        83 TRUMBULL STREET
        NEW HAVEN, CT  06511
        (203) 624-5111
        (203) 789-8371 FAX
        Fed Id. No. CT 00192

2

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was mailed, postage prepaid on October 21, 2004, to:

William J. Kupinse, Jr., Esq.
Warren F. Sasso, Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601


Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820


_____
        ROBERT G. OLIVER

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
        PLAINTIFF               CIVIL ACTION NO.:03-CV-
                                0288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
        DEFENDANTS            OCTOBER 21, 2004

## **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE RE CHOICE OF LAW**

The defendants Jillian Wong and Alex Wong have moved in limine for an order of the Court determining that in this diversity action for personal injuries sustained in a motor vehicle accident in New York, the substantive law of New York governs this action. By application of Connecticut's choice of law rules, New York law governs.

### I.   **Facts**

This is an action based on negligence seeking damages for personal injuries and losses sustained in a motor vehicle accident on June 26, 2001, on the Hutchinson River Parkway in

2

Rye Brook, New York.

Plaintiff Joseph P. Bichsel at the time of the accident and at the time this action was commenced (February 18, 2003), was a resident of, and domiciled in, the United States Virgin Islands. He is now, since about June 2004, a resident of, and domiciled in, Bend, Oregon. At the time of the accident, Plaintiff Joseph P. Bichsel was a passenger in a 1999 Nissan automobile registered to, and operated by Carl T. Magnone, a resident of Pound Ridge, New York. The Magnone vehicle was garaged in New York State and bore New York license plates. Mr. Magnone's vehicle was insured under the provisions of New York Insurance Law to provide New York No Fault coverage.

Defendants Alex Wong and Jillian Wong are residents of, and domiciled in, the State of Connecticut.  At the time of the accident, Jillian Wong was operating a 2001 Mercedes Benz owned by Alex Wong. This vehicle was registered in Connecticut and was garaged in Greenwich, Connecticut.

The accident occurred when the front of the Wong vehicle struck the rear of the Magnone vehicle which had stopped in a

3

line of traffic due to construction work on the highway. Defendants have admitted liability for the collision.

Mr. Bichsel did not make a claim for his basic economic loss under the New York No Fault law against the insurance carrier of the Magnone vehicle.

At no time prior to commencement of this suit in February 2003, did Mr. Bichsel receive any medical treatment from, or personally consult with, any doctor, hospital, therapist or other health care provider in the State of Connecticut for injuries claimed in this accident.

Plaintiff has had no contacts with the state of Connecticut except for the following, all of which occurred after his attorney brought suit in Connecticut Federal Court: he consulted with one Connecticut doctor (Dr. Bartolomei at Yale) on May 5, 2003; his attorney sent his X-ray and MRI films to another Connecticut doctor (Dr. Bronen) to review in March 2003; and at the request of the defendants, Bichsel underwent an independent medical examination in July 2004 by Dr. Margolis at Yale.  With the foregoing exceptions, all his medical

4

treatment and examinations were in the Virgin Islands or in New York (the latter in April 2003) until he moved to Oregon (where he has seen a doctor and had therapy in Bend). Of his claim for approximately $11,000 in medical expenses only $210 relates to his visit to Dr. Bartolomei at Yale; the balance is for services in Virgin Islands and in New York or most recently in Oregon.  About $2,285 of his medical expenses were incurred in New York (more than ten times the amount in Connecticut). His claim for lost wages and impairment of earning capacity relates solely to wages and earnings in the Virgin Islands and in Oregon.

This action was brought to the federal court in Connecticut based upon diversity of citizenship.  28 U.S.C. §1332.

## II.  **Law and Argument**

Choice of law analysis is unwarranted unless an actual conflict arises between the substantive law of the forum state and the laws of the other states connected with the litigation,

5

in this case Connecticut and New York. *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2nd Cir. 1998). However, "[w]here applicable law of each jurisdiction provides different substantive rules, a conflicts of law analysis is required." *Curley*, 153 F.3d at 12; see also *Philips Petroleum Co. v. Shutts*, 472 U.S. 797 at 816. A federal court sitting in diversity will normally apply the forum state's choice of law rule. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 494 (1941); *Curley*, 153 F.3 at 12.

A.    **There is an actual conflict between the law of New York and the law of Connecticut with respect to negligence actions arising out of a motor vehicle accident.**

There is an actual conflict between Connecticut and New York in the application of tort law to motor vehicle accidents, which requires a choice of law analysis. *See Curley, 153 F.3d at 12.* New York applies a statutory no fault scheme, the

6

purpose of which is to reduce the number of common-law tort actions commenced for accidents involving the use or operation of a motor vehicle and to provide for prompt compensation for the economic costs and losses sustained without regard to fault. N.Y. Insurance Law, Article 51; *Zecca v. Riccardelli, 742 N.Y.S.2d 76, 78 (2002).* Connecticut, on the other hand, abandoned its no fault insurance scheme with the passage of Connecticut Public Acts 1993, No. 93-297. See also *Willoughby v. City of New Haven, 254 Conn. 404 (2000).*

Pursuant to New York's no fault scheme there is no right of action for negligence in the use or operation of motor vehicle by one "covered person" against another "covered person" "except in the case of a serious injury or for basic economic loss." NY Insurance Law §5104(a). Basic economic loss covers medical expenses, earnings loss, etc., up to $50,000. NY Insurance Law §5102 (a).[1]

---

[1] An injured person can also sue to recover for economic loss in excess of $50,000.

The owner of a New York motor vehicle is required to have in effect financial security (i.e., insurance coverage in this situation) covering basic economic loss.  The vehicle in which the plaintiff was a passenger was so insured and, therefore, the plaintiff passenger was a "covered person."  NY York Insurance Law § 5102(j).

The Wongs are also "covered persons" within the terms of the New York Insurance Law because Ms Wong was operating a motor vehicle owned by Mr. Wong which was insured in Connecticut with a policy of motor vehicle liability insurance coverage.  New York Insurance Law §5107(a).

In contrast, Connecticut has no statutory provisions establishing a threshold limiting an injured person's access to the courts.  Thus, there are significant differences between the substantive laws of Connecticut and of New York making it necessary for the Court to conduct a choice of law analysis.

      B.    **<u>The Appropriate Choice of Law Rules Are Those of Connecticut Because Jurisdiction over the Action Is Based on Diversity</u>**.

8

The Court has diversity jurisdiction over this action for personal injuries sustained in a motor vehicle accident pursuant to 28 U.S.C. § 1332.  The choice of law rules to be applied in a diversity case must be those of the forum court, i.e., Connecticut.  Because the action is based on diversity jurisdiction, the Court must apply Connecticut's choice of law rules.  *Klaxon Co., 313 U.S. at 494; Curley, 153 F.3 at 12.*

In *O'Connor v. O'Connor*, 201 *Conn. 632, 648 (1986)*, the Connecticut Supreme Court "expressly abandoned categorical allegiance to the doctrine of lex loci delicti in tort actions." *Dugan v. Mobile Medical Testing Services, Inc., 265 Conn. 791, 800 (2003).*  In its place, the court adopted the "most significant relationship" test of §§ 6 and 145 of the Restatement (Second) of Conflict of Laws.  *Id., at 801; Williams v. State Farm Mutual Automobile Ins. Co., 229 Conn. 359, 372 (1994).*

Subsection (2) of § 6 of the Restatement (Second) of Conflict of Laws provides that when there is no directive, the

9

following factors should be considered:

    (a) the needs of the interstate and international systems,

    (b) the relevant policies of the forum,

    ©) the relevant policies of other interested states and the relative interest of those states in the determination of the particular issue,

    (d) the protection of justified expectations,

    (e) the basic policies underlying the particular field of law

    (f) certainty, predictability and uniformity of result, and

    (g) ease in the determination and application of the law to be applied.

    To facilitate the application of these principles, the Connecticut Supreme Court has approved subsection (2) of § 145 of the Restatement (Second) of Conflict of Laws, which provides that the following contacts should be considered when applying the principles set out in § 6 in tort cases:

    (a) the place where the injury occurred,

    (b) the place where the conduct causing the injury occurred,

    ©) the domicil, residence, nationality, place of

10

incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

*Dugan, supra, 265 Conn. at 803.*

When applying these factors, "it is the significance, and not the number, of § 145 (2) contacts that determines the outcome of the choice of law inquiry under the Restatement (Second) approach.  As the concluding sentence of § 145 (2) provides, '[t]hese contacts are to be evaluated according to their importance with respect to the particular issue.'" *Id., 803.*

## IV.   **Application of Connecticut's Choice of Law Rules**

### A.    **The Places of Injury and the Conduct Causing the Injury Strongly Favor the Application of New York Law to this Action — Restatement (Second) of Conflicts §§ 145 (2)(a) and (b)**.

The place where the plaintiff's injury occurred and where the conduct causing the injury occurred are the predominate factors to be considered by the Court in determining the choice

11

of law rules. *Dugan, supra, 265 Conn. at 801; Williams, supra, 229 Conn. at 372; O'Connor, supra, 201 Conn. at 648.* "The Connecticut Supreme Court observed in *Williams* [, *229 Conn. at 372*] that '[w]hen the injury occurred in a single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law. . . .'" *Svege v. Mercedes Benz Credit Corp., 182 F. Supp. 2d 226, 230 (2002)*. Indeed, where "the injury and the conduct giving rise to the injury occurred in [New York], the Court begins with the proposition that [New York] law will presumptively apply." *Id.* In this action, the plaintiff is claiming personal injuries arising out of a motor vehicle accident occurring on the Hutchinson River Parkway in Rye Brook, New York. The plaintiff's claims of personal injuries and of lost earnings have no connection to Connecticut.[2] The plaintiff has pled that his injuries were proximately caused by certain specifications of negligence of

---

[2] The plaintiff's claims of lost wages or lost earning capacity are solely connected to the Virgin Islands or Oregon.

12

the defendants all of which occurred in New York. And there was nothing fortuitous about the plaintiff's presence in New York that might temper these important factors.  *Id., 230-31.* The plaintiff had come up from the Virgin Islands to New York to visit friends for a party held in Westchester and was being driven to JFK airport at the time of the accident for his return trip to the Virgin Islands.  He had stayed with the Magnones at their residence in Pound Ridge for the festivities. He was riding in Magnone's vehicle at the time of the accident.

   Thus, in considering these two most important factors in determining the applicable law, New York has the most significant relationship.  Indeed, it has the only relationship; Connecticut had none.  This factor, therefore weighs heavily in favor of the application of New York law.

        **B.**    **The Domicile, Residence, Nationality and / or Places of Business and Incorporation Are Neutral Factors in the Consideration or Weigh in Favor of the Application of New York Law — Restatement (Second) of Conflicts §§ 145 (2)( c).**

The factors of residence and domiciliary are neutral in this choice of law analysis. At the time of the accident, the plaintiff was a resident and domiciliary of St. Croix, U.S. Virgin Islands. The plaintiff is now a resident and domiciliary of Oregon. The defendants are and have been residents and domiciliaries of Connecticut. Thus, because neither party has a residence/domicile connection to New York this factor is neutral.

          **C.**    **<u>The Relationship Between the Parties Is Not Relevant in this case – Restatement (Second) of Conflicts §§ 145 (2)(d)</u>**.

The parties to this action had no pre-existing relationship, or any connection whatsoever, except for the accident in this case. Thus, this factor is irrelevant in the choice of law analysis.

14

D.   **The Relevant Policies of the Forum, Other Interested States and the Basic Policies Underlying Negligence Law Favor Application of New York Law – Restatement (Second) of Conflicts §§ 6 (2)(b), ( c) and (e)**.

The policies of Connecticut as the forum state are not implicated in this case because Connecticut's only connections to this case were very limited: (1) at the time of the accident the defendants were domiciled in Connecticut, (2) at the time of the accident the defendants' motor vehicle was registered and garaged in Connecticut, (3) there was a single examination of the plaintiff by Dr. Bartolomei at Yale but only after the action had been commenced, (4) plaintiff's counsel sent plaintiff's x-rays and MRI films to a Connecticut doctor (Dr. Bronen) for review also after the action was commenced, and (5) the defendants had the plaintiff examined by Dr. Margolis in Connecticut as an independent medical examination.  These minimal connections to Connecticut and their relative unimportance by comparison to the locations of the accident and conduct alleged to have caused the accident (New York), as well

15

as the locations where the plaintiff received his treatment (predominantly in the Virgin Islands but also 20% in New York), do not favor the application of Connecticut law over the law of New York.

First, New York has an obvious interest in regulating conduct and liability of persons who use its highways and thoroughfares including the plaintiff and defendant in this case. *Svege, supra, at 231; O'Connor, 201 Conn. at 653*. Indeed, the Connecticut Supreme Court in "*O'Connor* noted that '[i]f the issue at stake . . . were whether the defendant's conduct was negligent, we might well conclude that "Quebec's interest in applying its law was of paramount significance.'" *Svege, at 233 [citing O'Connor, at 653-654]*.

While it is true that the defendants have admitted liability in this case, New York's No-Fault Law represents its strong policy statement that every auto accident victim be compensated for substantially all of his or her economic loss promptly without regard to fault and to significantly reduce the number of automobile personal injury accident cases

16

litigated in the courts. <u>Johnson v. Hartford Insurance Co.</u>, 418 N.Y.S.2d 1009, 1011 (1979); <u>Licari v. Elliot</u>, 455 N.Y.S.2d 570, 573 (1982). Although Connecticut also has a policy of compensating persons injured in automobile accident as the result of a tortfeasor's negligence — that interest is reduced where the location of the accident and the conduct causing the injury both occurred in New York and the plaintiff has no connection with Connecticut. Connecticut's interest is also reduced because the plaintiff was neither a Connecticut domiciliary nor had any contacts whatsoever with the state until after suit was brought here.

The policy considerations embodied by New York's No Fault law, moreover, are directly implicated in this case, where the defendants have raised the issue by way of its First Affirmative Defense. Where both the accident and the alleged conduct occurred in New York, the application of any law other than New York's, including Connecticut's, would void one of the purposes of New York's No Fault scheme - to significantly reduce the number of automobile personal injury accident cases

17

litigated in the courts.  This policy should apply whether the action is brought in state or federal court.  The plaintiff should not be permitted to avoid the New York policy of reducing litigation by selecting the District Court in Connecticut as his chosen forum.

Thus, consideration of the respective policies of Connecticut and New York and the basic policies of negligence law weigh in favor of the application of New York law to this case.

E.     **The Ease in the Determination and Application of the Law to Be Applied — Restatement (Second) of Conflicts §§ 6 (g)**.

This factor does not weigh in favor of the application of either Connecticut or New York law.  The law of Connecticut and New York are both easily determined.  As the Court has stated in its Memorandum of Decision regarding defendants' Motion to Transfer to the United States District Court for the Southern District of New York, it "is accustomed to adjudicating

18

diversity actions and will have no difficulty applying the substantive law of New York, if necessary." *Ruling on Motion to Transfer to the United States District Court for the Southern District of New York, (Eginton, USDJ., September 23, 2003)(#20).* Thus, while this consideration does not weigh in favor of Connecticut or against New York law, neither does it weaken the other factors favoring the application of the law of New York.

### F.  The Plaintiff's Justified Expectations Would Favor the Application of New York Law – Restatement (Second) of Conflicts §§ 6 (2)(D).

_____While not a significant factor in this tort case, *see infra*, the justified expectations of the plaintiff at or just before the accident would weigh in favor of the application of New York law.  The plaintiff was a passenger in a motor vehicle registered and insured in New York and operated by a New York resident with whom he had been visiting.  Prior to the

19

accident, the plaintiff's justified expectation would be that
in the event of a motor vehicle accident, he would have
insurance coverage under the driver's insurance policy and
would have the benefits of the insurance and motor vehicle laws
and regulations of New York State.  The plaintiff would not
have had an expectation that Connecticut's substantive law
would apply and govern any action brought resulting from
personal injuries sustained in a motor vehicle accident in New
York.

   G. **The Other Factors of Subsection (2) of § 6 of
the Restatement (Second) of Conflict of Laws Are
Not Implicated - Restatement (Second) of
Conflicts §§ 6 (2)(a) and (f)**.

   The remaining factors for consideration as set forth in
subsection 2 of § 6 of the Restatement (Second) of Conflict of
Laws are not significant.  The present case is not one that
implicates the relationships between Connecticut, New York
and/or any other governmental system. Restatement §6(2)(a).

Moreover, in *Williams*, *supra, at 373 n. 16*, "the other factors
listed in § 6 of the Restatement . . . are less important in
this case [for uninsured motorist benefits arising out of a
motor vehicle accident in New York].  Predictability and the
protection of settled expectations are less significant because
the settled expectations of the parties are generally less
important in unintentional torts than they are in fields such
as contracts, property, and wills and trusts, in which parties
make plans on the basis of the legal consequences of the
conduct.  *See O'Connor v. O'Connor, supra, 201 Conn. at 651-52*;
Restatement, supra, § 6, comment (I), and § 145, comment (b)."

## V.    Conclusion

An analysis of the facts of this case and of the policies
of both New York and Connecticut, using Connecticut's choice of
law rules, points unequivocally to the application of New York
substantive law in this diversity action.  The most significant
considerations are where the accident occurred and where the
injury occurred, and these strongly favor the application of

New York.  New York has other strong connections to this case. Plaintiff was a passenger in a vehicle owned by a resident of New York and that was registered and insured there.  Plaintiff did incur about 20% of his medical expenses from treatment in New York.

Apart from the defendants being residents of Connecticut and their car being registered here, Connecticut's connections to this case are tenuous to nonexistent.  The facts that the accident and conduct occurred in New York and that the plaintiff was protected as a "covered person" by New York's salutary No Fault insurance laws far outweigh any interest Connecticut has in this case.  Indeed, the defendants were likewise protected by New York law as "covered persons" and their interest are best vindicated under New York law. Accordingly, the substantive law of New York should govern this case.

22

DEFENDANTS, JILLIAN WONG AND
    ALEX WONG


BY:_____
        ROBERT G. OLIVER.
        MULVEY, OLIVER, GOULD & CROTTA
        83 TRUMBULL STREET
        NEW HAVEN, CT  06511
        (203) 624-5111
        (203) 789-8371 FAX
        Fed Id. No. CT 00192


23

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on
October 21, 2004, to:

William J. Kupinse, Jr., Esq.
Warren F. Sasso, Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820

_____
ROBERT G. OLIVER