UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
       PLAINTIFF              CIVIL ACTION NO.:03CV288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
       DEFENDANTS          OCTOBER 26, 2004


**DEFENDANTS' PORTION OF JOINT TRIAL MEMORANDUM**

1.    TRIAL COUNSEL:

    Defendant: Robert G. Oliver, Mulvey, Oliver, Gould & Crotta, 83 Trumbull Street, New Haven, CT 06511. 203-624-5111.


2.    JURISDICTION: Diversity of citizenship, 28 U.S.C. §1332(a)(1)


3.    JURY/NON-JURY: This is a jury trial.


4. TRIAL LENGTH: This case should commence on November 15, 2004, and conclude on November 19, 2004, (5 trial days including jury selection on November 15).

5.    NATURE OF CASE: This is an action based on negligence seeking damages for personal injures and losses sustained in a motor vehicle accident on June 26, 001, in Rye Brook, New York.

6.    PLAINTIFF'S CONTENTIONS:

7.    DEFENDANTS' CONTENTIONS: The defendants admit liability for the collision but deny the plaintiff's claims of injuries, the extent and severity of injuries sustained, the claimed losses and lost wages and impairment of earning capacity and the claims of disability. The defendants contend that this case is governed by New York law including the New York Insurance Law §5104(a); that the defendants are entitled to a credit or offset for $50,000 of economic loss because plaintiff failed to make claim against the insurer for the owner/operator of the vehicle in which he was a passenger for his New York No Fault Insurance benefits up to $50,000; that his claimed injuries are not "serious injury" as defined in New York law; and, therefore, plaintiff is not entitled to any recovery for non-economic loss.

8.    LEGAL ISSUES: Plaintiff's contentions:

Defendants' legal issues:

1. Choice of law.  Defendants contend that this court, sitting in diversity, should apply Connecticut's choice of law rules and conclude that the substantive law of the State of New York applies.

2. New York law establishes a comprehensive statutory scheme for "no fault" compensation of injured persons in motor vehicle accidents to ensure that every auto accident victim is compensated for substantially all of his or her economic loss promptly and without regard to fault and to significantly reduce the number of automobile personal injury accident cases in the courts.

3. The plaintiff was a "covered person' under New York Insurance Law §5102(j) as the passenger in the New York insured motor vehicle of Carl Magnone.

4. Under New York law, plaintiff as such a "covered person" cannot recover damages for basic economic loss from another covered person (such as the defendants Mr. & Mrs. Wong) and cannot recover damages for non-economic loss (such as pain and suffering, impairment and disability) except in the case of a "serious injury." New York Insurance Law §5104(a).

5. The defendants are "covered persons" within the terms of the New York Insurance Law because Ms Wong was operating a

motor vehicle owned by Mr. Wong and insured in Connecticut with a policy of motor vehicle liability insurance coverage. New York Insurance Law §5107(a).

6. Because plaintiff failed to make claim for his No Fault benefits (up to $50,000) for basic economic loss against the insurance carrier for Magnone, he is prohibited from recovery against the defendants for basic economic loss (economic loss up to $50,000) and for any non-economic loss unless he proves that the defendants' negligence proximately caused him to sustain a "serious injury" as defined under New York law.

7. The defendants are entitled to a credit or offset against any award by the jury for economic loss up to the amount of $50,000 and it is irrelevant that the plaintiff did not make claim for or receive any no fault benefits. See, e.g., *Donovan v. U-Haul of Utah, Inc.*, 1998 WL 381068 (SDNY 1998); *Fiveson v. Kodenar*, 110 A.D.2d 749, 488 N.Y.S.2d (2nd Dept. 1985).

8. The injuries claimed by the plaintiffs do not constitute "serious injury" under the provisions of New York law.

9. The plaintiff's claim for an alleged lessened price in the sale of his personal home in 2003 allegedly because he had not been able to complete unspecified improvements to the house

due to his injuries is too speculative and has no foundation in New York law as a basis for an award of economic damages nor has the plaintiff disclosed any expert or identified any expert testimony with respect to this novel claim.  Evidence about such a claim should be excluded.

9.    STIPULATED FACTS/CONTESTED FACTS: The parties stipulate to the following facts:

1. Joseph P. Bichsel at the time of the accident and at the time this action was commenced was a resident of and domiciled in the United States Virgin Islands.

2. Joseph P. Bichsel is now a resident of, and domiciled in, Bend, Oregon.

3. Alex Wong and Jillian Wong are residents of, and domiciled in, the State of Connecticut.

4. This accident occurred on June 26, 2001, on the Hutchinson River Parkway in Rye Brook, New York.

5. At the time of the accident, Plaintiff Joseph P. Bichsel was a passenger in an automobile registered to, and operated by Carl T. Magnone, a resident of Pound Ridge, New York.

6. The Magnone vehicle was garaged in New York State and

bore New York license plates.

7. The 1999 Nissan of Mr. Magnone was insured under the provisions of New York Insurance Law to provide New York No Fault coverage.

8. Mr. Bichsel is a "covered person" within the terms of the New York No Fault Law Insurance Law.

9. At the time of the accident, Jillian Wong was operating a 2001 Mercedes Benz owned by Alex Wong. This vehicle was registered in Connecticut and was garaged in Greenwich, Connecticut.

10. Ms Wong was operating a motor vehicle owned by Mr. Wong which was insured in Connecticut with a policy of motor vehicle liability insurance coverage (with Firemens Fund Insurance Companies).

11. The accident occurred when the front of the Wong vehicle struck the rear of the Magnone vehicle which had stopped in a line of traffic due to construction work on the highway.

12. Mr. Bichsel did not make a claim for his basic economic loss under the New York No Fault law against the insurance carrier of the Magnone vehicle.

13. At no time prior to commencement of this suit in February 2003, did Mr. Bichsel receive any medical treatment

-6-

from or personally consult with any doctor, hospital, therapist or other health care provider in the State of Connecticut for injuries claimed in this accident.

CONTESTED FACTS: The defendant identifies at least the following contested facts:

1. The defendants are "covered persons" within the terms of the New York's No Fault Insurance Law because Ms Wong was operating a motor vehicle owned by Mr. Wong which was insured in Connecticut with a policy of motor vehicle liability insurance coverage (with Firemens Fund Insurance Companies).

2. What injuries, damages and losses were sustained by Mr. Bichsel that were proximately caused by the accident.

10.  LIST OF WITNESSES:

Plaintiff:

Defendants: Defendants expect to call:

Jillian Wong. The defendant may testify as to the accident, her observations of Mr. Bichsel at scene following the accident and, if not stipulated, her motor vehicle liability insurance coverage.

Carl Magnone, Pound Ridge, New York, by depo transcript excerpt. See §12(3) below. If not stipulated to, he will

testify to his motor vehicle ownership, registration and insurance coverage.

Dr. Juan Bartolomei, Irving, Texas, by deposition. See §12(1) below. Dr. Bartolomei will testify as to his examination of plaintiff, his findings, conclusions, opinions and recommendations, all as set forth in the transcript of his depo testimony.

Dr. Robert N. Margolis, New Haven, CT by video taped deposition. See §12(2) below. Dr. Margolis will testify as to his examination of plaintiff, his findings, conclusions, opinions and recommendations, his comments upon the reports and examinations by other medical professionals, and his opinions as to the man's medical and physical conditions in relation to the accident, all as set forth in his video taped deposition.

James S. Cohen, Ph.D., 8 Barbara's Way, Ellington, CT 06029. Dr. Cohen is a vocational rehabilitation specialist. He is expected to testify to the job market available to the plaintiff in Bend, Oregon and his functional capabilities to work and earn wages in amounts at least equal to if not higher than his net earnings prior to the accident. He will testify based on governmental and business sources and review of the records, reports, deposition transcripts in this case, all as set forth more fully in his report dated October 18, 2004. He

can be made available during the week of November 1, 2004, for a deposition by plaintiff should counsel so desire.

Dr. Michael H. Lavyne, New York Presbyterian Hospital. His office address is 523 East 72nd Street, New York, NY 10021. Dr. Lavyne is one of plaintiff's treating physicians. His report will be offered in evidence. Dr. Lavyne is a neurological surgeon. His opinions and conclusions and the bases therefor, and of the reports, films and records considered by him in connection with his examination and treatment of the plaintiff and with forming his impressions, conclusions, opinions and recommendations are all as set forth in his Progress Notes of April 15, 2003.

The defendants reserve the right to call additional witnesses in rebuttal based upon the testimony presented by plaintiffs.

11. EXHIBITS: Plaintiff:

Defendants:

501  C.V.  Of Dr. Juan Carlos Bartolomei (Ex. 1 at depo of Dr. Bartolomei)

502  Dr. Bartolomei neurosurgery consultation note 5/5/03 (Ex.

2 at his depo)

503  C.V. of Dr. Robert N. Margolis (Ex. 1 at his depo)

504  Report of 7/15/04 of Dr. Margolis

505  Neurosurgery progress note by Dr. Michael Lavyne, 4/15/03

506-513  U.S. federal income tax returns for Joseph P. Bichsel, 1995 through 2003

514-517  V.I., Gross Receipts Monthly Tax Returns for Bichsel and Seaview Construction for 1999 through 2003

518-526  Bichsel's business and banking summary for years 1995 through 2003 (as produced by plaintiff, except duplications with 506-517 will be removed)

527  Virgin Islands records of Bichsel/Seaview Construction business (to be identified)

528  Virgin Islands records concerning purchase, and sale of plaintiff's personal residence and tax records as to such residence property.

12.  DEPOSITIONS:

Defendants intend to offer the following:

1. The depo of Dr. Juan Bartolomei, plaintiff's treating neurosurgeon, taken August 3, 2004. The transcript will be read to the jury (except: p. 30, line 23 through p. 31, line 22; p. 38, line 10 through p. 39, line 9).

-10-

2. The depo of Dr. Robert N. Margolis, defendants'
examining orthopaedic surgeon, taken on September 24, 2004.
This was video taped and defendant will play the video tape to
the jury (except: those portions representing transcript p. 26,
line 13 through p. 26, line 21; p. 44, line 9 through p. 45,
line 15.)

3. Portion of the depo of Carl Magnone, taken on September
30, 2004.  The defendant will have the following portion read
to the jury: p. 4, line 1 through p. 7, line 21.

13.  JURY INSTRUCTIONS:
    Plaintiff:

    Defendants: (A) Defendants' proposed Requests to Charge
are attached hereto and submitted on disk in WP 10.0
    (B) In addition, defendants request that the court submit
the case to the jury on a Special Verdict form with
Interrogatories pursuant to F.R.C.P. 49(a) because of the
requirements of New York substantive law, to permit the court
to offset the amount of any economic loss damages award entered
up to the sum of $50,000 and to permit the court to determine
if non-economic loss damages are to be awarded, all as
discussed in Part #8 above.

(B)(i)  Defendant respectfully requests the following Interrogatories be submitted:

1. Did the plaintiff prove by a fair preponderance of the evidence that the negligence of the defendants proximately caused plaintiff to sustain economic loss?

2. If the answer to Interrogatory #1 is "yes", what is the amount of such economic loss the jury finds the plaintiff has proven?

3. Did the plaintiff prove by a fair preponderance of the evidence that the negligence of the defendants proximately caused plaintiff to sustain a "serious injury or injuries" as I have defined the terms to you?

4. If the answer to Interrogatory #3 was "yes", did the plaintiff prove by a fair preponderance of the evidence that the negligence of the defendants proximately caused plaintiff to sustain non-economic loss?

5. What is the amount of such non-economic loss the jury finds the plaintiff has proven?

(B)(ii) Upon return of the completed Interrogatories, the court must offset up to $50,000 the amount of economic loss found in answer to Interrogatory #2. The remainder will be the amount of the judgment for economic loss if greater than zero; if the remainder is a negative sum or zero, the court will

-12-

enter judgment for the defendants as to economic loss. The court will then determine if the jury found that the plaintiff sustained a "serious injury" in answer to Interrogatory #3.  If not, the court will enter judgment for the defendants as to non-economic loss; if so, the amount in answer to Interrogatory #5 will, unless otherwise set side or modified by the court, be entered as the judgment for non-economic loss.


14.  EVIDENTIARY PROBLEMS:

    Plaintiff:


    Defendants: at this time defendants foresee a potential dispute concerning  plaintiff's claim discussed in part 15( c) below.  Defendants will object to any testimony as to the claimed valuation of the plaintiff's residence property after plaintiff sold it on October 11, 2003. No expert has been timely declared for this purpose and plaintiff himself cannot testify to what the value of the residence may be once he has sold it - for multiple reasons including lack of foundation, lack of expertise, irrelevancy, etc. See F.R.E. 701.

15.   FURTHER PROCEEDINGS:

(A) Hearing on Motion in Limine re: choice of law.
Defendant contends that New York law must govern liability and
damages at trial because this was a New York accident, Bichsel
was a Virgin Islands resident, there is no connection with
Connecticut other than the fortuity of a Connecticut driver
having been involved and the case brought to federal court on
diversity grounds whereas New York has a statutory no fault
scheme which governs motor vehicle accidents on its highways.
Under well established principles, this federal court will
apply Connecticut's choice of law rules and those mandate the
application of New York substantive law to the trial of this
case.

(B) A *Daubert* hearing will be necessary with respect to
whether Dr. Carmen Cintron, D.O., an osteopath, who treated
plaintiff from March 2, 2004, to May 7, 2004, can testify and
to what extent. The defendants challenge the qualifications and
expertise of osteopath Dr. Carmen Cintron, D.O., to testify to
opinions concerning injuries and medical conditions of Bichsel
which were caused by the accident of June 26, 2001.  The
reasons are that (1) she admitted at her deposition on August
27, 2004, that she had not, in fact, viewed or read the x-ray

-14-

and MRI films upon which she relied to form the basis for her opinions, (2) her methodology was unreliable under the *Daubert* case law, and (3) her opinions are not based upon the facts of the case.

( C) Plaintiff claims as an element of his economic damages that he obtained an alleged lessened price on the sale of his personal home in October 2003 allegedly because he had not been able to complete unspecified improvements to the house due to his injuries. Defendant will move in limine to preclude evidence of such a claim. This claim is too speculative and has no foundation in New York law as a basis for an award of economic damages nor has the plaintiff disclosed any expert or identified any expert testimony with respect to this novel claim nor is the plaintiff's own lay opinion testimony about valuation subsequent to his sale of the property admissible. Evidence about such a claim should be excluded.

The defendants reserve the right to file such further motions or raise additional issues as may be appropriate prior to or during trial.

DEFENDANTS, JILLIAN WONG AND
ALEX WONG


BY: _____

      ROBERT G. OLIVER
_____      MULVEY, OLIVER, GOULD & CROTTA
      83 TRUMBULL STREET
      NEW HAVEN, CT 06511
      (203)624-5111
      FED ID. NO. CT 00192

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid on October 26,2004, to:


Warren F. Sasso, Esq.
William J. Kupinse, Jr., Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601


Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820


_____

_____     ROBERT G. OLIVER

def joint trial memo.wpd

-17-