```
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
        PLAINTIFF              CIVIL ACTION NO.:03CV288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
        DEFENDANTS             OCTOBER 26, 2004
```

**PROPOSED REQUESTS TO CHARGE**

The **Defendants** propose the following requests to charge:

**1.   Serious Injury**

As you have heard, the accident in this case occurred in the state of New York and, as a result, you are going to have to apply the law of New York to this case as I explain it to you.  First, I will tell you that New York has a statutory scheme that requires persons injured in motor vehicle accidents to have sustained a "serious injury" before they can make any recovery in a personal injury lawsuit, such as the plaintiff's in this case.  New York law defines "serious injury" to be "a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus;

permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which would constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

    Now, based on the evidence presented by the parties, it is clear to me that portions of the New York definition of the term "Serious Injury" do not apply.  The plaintiff is living, for example, and there are no claims of dismemberment, fracture, or loss of a fetus. Other portions of the definition likewise do not apply.  I am instructing you as a matter of law, therefore, that the plaintiff must prove a "significant limitation of use of a body function system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which would constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the

occurrence of the injury or impairment," in order to be awarded money damages for non-economic loss.

**Insurance Law, § 5102 (d)**

2. **No-Fault Law---Threshold--Non Permanent Medically Determined Injury That Prevents Performance Of Usual and Customary Daily Activities For 90 of 180 Days Immediately Subsequent to Injury.**

Thus, you must answer the following question: As a result of the accident, did the plaintiff sustain a medically determined injury or impairment of a non-permanent nature that prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident?

A medically determined injury is one that is supported by testimony by a physician or doctor.  If you find there is a medically determined injury or impairment of a non-permanent nature that prevented the plaintiff from performing substantially all of the material acts that constituted his ususal and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident, you must answer the question "Yes."

If you find that there is no medically determined injury or impairment of a non-permanent nature that prevented the

plaintiff from performing substantially all of the material acts that constituted his usual and customary daily activities for not less than ninety days immediately following the accident, you must answer the question "No."

> **Adapted from PJI 2:88G, No-fault Law---threshold--non Permanent Medically Determined Injury That Prevents Performance of Usual and Customary Daily Activities for 90 of 180 Days Immediately Subsequent to Injury.**

### 3.    ECONOMIC LOSS

The plaintiff is making a claim in this case for economic loss.  If you find that the defendants are liable, the plaintiff is entitled to recover for his economic loss as I will define that term for you.  Economic loss means all necessary expenses for medical, hospital, surgical, nursing, ambulance, x-ray, prescription drugs, psychiatric, physical, occupation therapy or rehabilitation, and for any other professional health services.  Economic loss also encompasses loss of earnings from work which the plaintiff would have performed had he not been injured, and reasonable and necessary expenses incurred by the plaintiff in obtaining services in lieu of those that he would have performed for income. And, finally, economic loss includes all other reasonable and necessary expenses incurred related thereto.

> **Insurance Law, § 5102 (a)(1), (2), and (3).**

**4.    DAMAGES-- PERSONAL INJURY -- LOSS OF EARNINGS-- IN GENERAL**

Both the plaintiff and the defendant have introduced testimony and documentary evidence in connection with the plaintiff's claims for lost earnings or wages from the date of the accident to the present and as to the plaintiff's claim for loss of earning capacity.  If you find that the plaintiff lost earnings or wages and that such losses were the result of his injuries that were caused by the negligence of the defendants, the plaintiff is entitled to be reimbursed those lost earnings or wages from the time of the accident to today.  I caution you, however, that any award you may make for wages lost to present must not be the result of speculation.  Your award, if any, must be calculated based on the number of days that you find the plaintiff was incapable of working as a result of his injuries.  The amount of such award, if any, must be the amount that you find the plaintiff would have earned had he not been prevented from working by his injuries.

Likewise, if you find that the plaintiff suffered a reduction in his capacity to earn money in the future, and that such reduction in earning capacity was the result of his injuries that were caused by the negligence of the defendants, the plaintiff is entitled to be reimbursed for his loss of his future earnings.  Any award you make for reduction of the

-5-

plaintiff's earning capacity in the future should be determined on the basis of the plaintiff's earnings before the accident, the condition of the plaintiff's health, his prospects for advancement and the probabilities with respect to future earnings before the accident, the extent to which you find that those prospects or probabilities have been reduced by the injuries, the length of time that you find the plaintiff would reasonably be expected to work in the future had he not been injured, the nature and hazards of the plaintiff's employment and any other circumstances which would have an effect on the plaintiff's earning capacity.

Plaintiff is now 53 years of age and has a life expectancy according to mortality tables of [insert number] more years. Such tables are, of course, nothing more than statistical averages. They neither assure that the plaintiff will have the span of life I have given you nor assure that his span will not be greater. The figures I have given you are not binding upon you, but may be considered by you together with your own experience and the evidence you have heard in determining Mr. Bischel's life.

If you find that the plaintiff is entitled to an award for reduction in earning capacity in the future, you will fix the dollar amount of such reduction over the entire period that you

find the plaintiff will suffer such reduction and include that amount in your verdict, in other words, you will make an award for the entire period and not set an amount for each year into the future.

    **Adapted from PJI 2:290, Damages-- Personal Injury -- Loss of Earnings-- in General**

    5.    **DAMAGES – PERSONAL INJURY – LOSS OF BUSINESS PROFITS**

Plaintiff has offered evidence that at the time of the injury he was the owner, and at times the only employee, of Seaview Construction, a construction business in St. Croix of United States Virgin Islands. A plaintiff who is in a business that depends upon his personal supervision or effort may recover to reimburse him for profits lost as a direct result of his inability, because of injuries, to devote his personal skill, talent or ability to the business. Such damages do not, however, include profits resulting from plaintiff's capital investment or profits derived from the work of others employed in the business.

    *Adapted from PJI 2-291, Damages – Personal Injury – Loss of Business Profits*

    6.    **DAMAGES – PERSONAL INJURY – AGGRAVATION OF PRE-EXISTING INJURY**

The defendants have offered testimony and other evidence that the plaintiff suffered from pre-existing medical conditions. I will now instruct you as to the law as to pre-existing medical conditions. As the jury you must determine whether the plaintiff suffered from a pre-existing condition. If you determine that the plaintiff did suffer from a pre-existing condition, you must then determine whether the plaintiff is entitled to damages in connection with that pre-existing injury as I will now instruct you.

The general rule is that the plaintiff is not entitled to recover for any physical ailment or disability which existed prior to the accident or for injuries from which he might be suffering which were not caused by the accident.

If, however, you find that the plaintiff's pre-existing condition was aggravated because of the accident in this case, so as to cause suffering and disability, then the plaintiff is entitled to recovery for any disability or pain resulting from such aggravation only. The plaintiff can recover as damages only for the aggravation of the pre-existing condition, not the condition itself. The plaintiff should be compensated only to the extent that you find his condition was made worse by the defendants' negligence.

*Adapted from PJI 2-282;  Damages – Personal Injury – Aggravation of Pre-existing Injury*

**7. Considerations of Future Disability**

In considering any question of compensation for future disability, it is necessary to consider what the plaintiff's condition will be in the future, with reasonable certainty. The natural incidents of life which, entirely apart from the accident in suit, would have a tendency to affect future activities, such as old age, other accidents, sickness, disability not connected with this accident and such other common incidents and vicissitudes as are expected to a greater or lesser degree to affect all persons, must be considered in calculating any future pain and suffering and any future disability. Although nothing definite on this issue can be established, it should be considered, and must be, in determining the future impairment, if any, that is reasonably expected to be produced in the future because of the plaintiff's injuries.

*Johnson v. Fiske, 125 Conn. 445, 449 (1939).*

**8. DISCOUNT OF FUTURE ECONOMIC LOSSES TO PRESENT VALUE**

As I explained, the plaintiff has made a claim in this case that in the future he may incur what I have described to you as economic losses. He has the burden of proving that he

will incur such expenses in the future. In addition, in assessing fair compensation, you should adjust to present value any award you may make for economic losses such as future medical or hospital expenses. If you should make any such award for economic losses under the rule I have already explained to you, you must adjust the amount of any such future loss, as best you can, to present or discounted value. In so doing, you must take into account not only the future course of interest rates, but also the future course of the rates of inflation and rates of growth in wages or increases in costs. This is because any allowance you make in the nature of monetary damages for future economic losses is substantially a present payment which the plaintiff would receive today, whereas it is in compensation for something which would occur only from time to time through the years in the future. In other words, any award at this time could be immediately put at interest, whereas any future element of loss so compensated would not, in fact, have occurred now, but only from time to time in the future. In the absence of expert testimony to establish another rate of discount, the Connecticut District Court approves the use of a 2% discount rate. That means that you should discount or reduce to present value using the 2% per year formula any award for future economic damages.

> *Ammar v. U.S.*, 342 F.3d 133, 147-49 (2nd Cir. 2003); *Ramirez v. New York City Off-Track Betting Corp.*, 112 F.3d 38, 41 (2nd Cir. N.Y. 1997); Adapted from *Hollywood v. Combustion Engineering*, Civil Action No. B-80-458 (D. Conn. 1983)(Eginton, J.); 1 Wright, Connecticut Jury Instructions § 244e (4th ed. 1993); *Oliveri v. Delta Steamship Lines, Inc.*, 849 F. 2d 742, 748-749(2d Cir. 1988); *DeChico v. Metro North Commuter R.R.*, 758 F.2d 856, 860 (2d Cir. 1985); *Doca v. Marina Mercante Nicaraguense, S.A.*, 634 F.2d 30, 39-40 (2d Cir. 1980); *Feldman v. Allegheny Airlines, Inc.*, 382 F.Supp. 1271 (D. Conn. 1974), *aff'd*, 524 F.2d 384, 387-388 (2d Cir. 1975); *Jackewicz v. United Illuminating Co.*, 106 Conn. 310, 314 (1927); *Chase v. Fitzgerald*, 132 Conn. 461, 469-470 (1946).

**9. DISCOUNT OF FUTURE NON-ECONOMIC LOSSES TO PRESENT VALUE**

The plaintiff has also made a claim in this case that in the future he may incur what I have described to you as non-economic damages. Similarly as with the case of economic damages, in assessing fair compensation, you should adjust to present value any award you may make for non-economic damages such as future pain and suffering. If you should make any such award for noneconomic damages under the rules I have already explained to you, you must adjust the amount of any such future loss, as best you can, to present or discounted value. In so doing, you must take into account not only the future course of interest rates, but also the future course of the rates of inflation and rates of growth in wages or increases in costs. This is because any allowance you make in the nature of monetary damages for future non-economic damages such as pain

and suffering damages is substantially a present payment which the plaintiff would receive today, whereas it is in compensation for something which would occur only from time to time through the years in the future. In other words, any award at this time could be immediately put at interest, whereas any future element of damage so compensated would not, in fact, have occurred now, but only from time to time in the future. Unlike the case of economic damages, however, this court will not prescribe for you any specific discount or interest rate to be used. It is for you the jury to take into account the time value of money and make a reasonable reduction in the amount of the award you may make for non-economic damages to reflect the plaintiff's opportunity to invest any such award while also bearing in mind that any such reduction may be tempered by the future course of inflation.

> *Ammar v. U.S., 342 F.3d 133, 147-49 (2nd Cir. 2003); Ramirez v. New York City Off-Track Betting Corp., 112 F.3d 38, 41 (2nd Cir. N.Y. 1997); Adapted from Hollywood v. Combustion Engineering, Civil Action No. B-80-458 (D. Conn. 1983)(Eginton, J.); 1 Wright, Connecticut Jury Instructions § 244e (4th ed. 1993); Oliveri v. Delta Steamship Lines, Inc., 849 F. 2d 742, 748-749 (2d Cir. 1988); DeChico v. Metro North Commuter R.R., 758 F.2d 856, 860 (2d Cir. 1985); Doca v. Marina Mercante Nicaraguense, S.A., 634 F.2d 30, 39-40 (2d Cir. 1980); Feldman v. Allegheny Airlines, Inc., 382 F.Supp. 1271 (D. Conn. 1974), aff'd, 524 F.2d 384, 387-388 (2d Cir. 1975); Jackewicz v. United Illuminating Co., 106 Conn. 310, 314 (1927); Chase v. Fitzgerald, 132 Conn. 461, 469-470 (1946).*

**10.   DAMAGES – PERSONAL INJURY – INJURY AND PAIN AND SUFFERING – INCOME TAX**

If your verdict is in favor of the plaintiff, the plaintiff will not be required to pay income taxes on the award and you must not add to or subtract from the award any amount on account of taxes.

**Adapted from PJI 2-280.2 Damages – Personal Injury – Injury and Pain and Suffering [Supplemental Instruction]**

**11.   SYMPATHY MUST NOT BE A FACTOR IN THE DELIBERATIONS**

Your verdict may not be premised on any element of sympathy.  Any sympathy you may feel toward any party must not be a factor in your determination.  You cannot find for the plaintiff in this case for injuries he alleges he sustained on some general feeling that the defendants should have acted in a way differently than they did.  The question for you is not whether the plaintiff, in your view, is deserving of your sympathy, but whether he has proven all of the elements of his legal claims, as I have outlined them to you, by fair preponderance of the evidence.

*Federal Jury Practice and Instructions, 71.05*
*Parcinski v. Outlet Company, 673 F.2d 34 (2d Cir. 1982), cert. denied, 459 U.S. 1103 (1983).*

**12.   Subsequent Injuries**

You have heard testimony that sometime following the motor

vehicle accident in this case, the plaintiff experienced a home invasion in St. Croix during which he was beaten by an unknown assailant.  In addition, there is evidence that on at least two occasions after the accident, the plaintiff fell while walking or working.  Although the plaintiff is entitled to recover his economic losses and non-economic losses, if any, if you find the defendants liable, the defendant cannot be held responsible for any aggravation of the injury originally sustained or for any additional injury sustained by the plaintiff resulting subsequently from the home invasion or his falling.

**Reservation:**  The defendant reserves the right to submit amended or additional requests to charge based upon evidence or other developments during the course of the trial.

```
                              DEFENDANTS, JILLIAN WONG AND
                              ALEX WONG


                          BY: _____
_____   ROBERT G. OLIVER
                                 MULVEY, OLIVER, GOULD & CROTTA
                                 83 TRUMBULL STREET
                                 NEW HAVEN, CT 06511
                                 (203)624-5111
                                 FED ID. NO. CT 00192
```