UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
    PLAINTIFF               CIVIL ACTION NO.:03CV288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
    DEFENDANTS             OCTOBER 21, 2004


JOINT TRIAL MEMORANDUM

1.    TRIAL COUNSEL:

    Defendant: Robert G. Oliver, Mulvey, Oliver, Gould & Crotta, 83 Trumbull Street, New Haven, CT 06511. 203-624-5111.

    Plaintiff: Edward L. Barry, Hamm & Barry, 5030 Anchor Way, Christiansted, VI 00820. Tel. 340/773-6955; William Kupinse, Jr., Goldstein and Peck, P.C., P.O. Box 1538, Bridgeport CT 06601-1538. Tel. 230/334-9021.

2.    JURISDICTION: Diversity of citizenship, 28 U.S.C. §1332(a)(1).

3.    JURY/NON-JURY: This is a jury trial.

4.    TRIAL LENGTH: This case should commence on November 15, 2004, and conclude on November 19, 2004, (5 trial days ncluding jury selection

on November 15).

5.   NATURE OF CASE: This i an action based on negligence seeking damages for personal injures and losses sustained in a motor vehicle accident on June 26, 001, in Rye Brook, New York.

6.   PLAINTIFF'S CONTENTIONS:   The plaintiff, Joseph Bichsel, a Virgin Islands resident, claims that defendant Julian Wong negligently operated her Connecticut-registered vehicle (titled to herself and spouse Alex Wong, both Connecticut residents, causing a rear-end collision with a vehicle in which he was a passenger. The accident occurred on the Hutchinson River Parkway in New York. Mr. Bichsel, a self-employed carpenter, claims serious spinal and other orthopedic injuries, including multiple disc injuries, with permanent sequelae.  He claims a permanent diminution in earning capacity and loss of business profits.

Plaintiff contends that Connecticut law should be applied (New York having only an interest here in enforcing its "rules of the road," and no cognizable interest in the remedial/economic loss-allocation aspect of this private dispute, and all parties residing in common law jurisdictions, e.g., *O'Connor v. O'Connor,* 201 Conn. 632, 658, 519 A.2d 13 (1986)).

If the Court disagrees and holds that New York law does apply, plaintiff then nevertheless has the right, in all events, to recover for his provable <u>economic</u> loss to the extent that it exceeds New York basic no-fault benefits (basic no-fault benefits being generally $50,000, including medical expenses). *Montgomery v Daniels,* 38 NY2d

41, 378 NYS2d 1, 340 NE2d 444; *Tortorello v Landi,* 136 AD2d 545, 523 NYS2d 165 (lost earnings sustained more than 36 months after accident are recoverable, even in the absence of a "serious injury"). Additionally, plaintiff is entitled to non-economic loss (pain and suffering) because he can prove a "serious injury," a New York statutory term of art that exists under New York Insurance Law § 5102(d) under any of the following scenarios:

- (vi)  permanent loss of use of a body organ, member, function or system;
- (vii) permanent consequential limitation of use of a body organ or member;
- (viii) significant limitation of use of a body function or system; or
- (ix) a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately follow g the occurrence of the injury or impairment.

All physicians (even the defense IME physician) seem to agree that Plaintiff has permanent work limitations dues to his spinal injuries in this case.


7.    DEFENDANTS' CONTENTIONS: The defendants admit liability for the collision but deny the plaintiff's claims of injuries, the extent and severity of injuries sustained, the claimed losses and lost wages and impairment of earning capacity and the claims of disability. The

defendants contend that this case is governed by New York law including the New York Insurance Law §5104(a); that the defendants are entitled to a credit or offset for $50,000 of economic loss because plaintiff failed to make claim against the insurer for the owner/operator of the vehicle in which he was a passenger for his New York No Fault Insurance benefits up to $50,000; that his claimed injuries are not "serious injury" as defined in New York law; and, therefore, plaintiff is not entitled to any recovery for non-economic loss.

8.    LEGAL ISSUES:

Plaintiff's contentions:

1.    Plaintiff contends that New York no-fault law should not be applied in this matter. The choice of law issues will be addressed by way of a separate memorandum of law.

2.    Plaintiff, who was self-employed as a licensed construction contractor and maintenance engineer (d.b.a. "Seaview Construction") is entitled to all past, present and future economic loss proximately related from the accident. Plaintiff was i the process of building his own home in St. Croix when the accident occurred, p    ily through his own labor and his own funds. This project had to be aborted due to plaintiff's injury. Plaintiff had to sell the home in a half-completed state for $450,000. He invested $234,958 in land, material and outside labor, and realized a profit of $215,042. He will further testify that, based upon his own knowledge, experience and expertise as a construction contractor in St. Croix for many years, and of his knowledge of the nature and quality of his own property and local real estate market conditions, he could have

completed the home at an overall out-of-pocket cost of approximately $100 per foot, and sold the home for approximately $850,000, with additional profits of at least $250,000. It is clear that in Connecticut (as elsewhere) a property owner is competent to testify as to the value of his own property and to the impact of external events upon the value of property. E.g., State v. Simino, 200 Conn. 113, 120 509 A. 2d 1039 (1986) (rule "reflects ... common experience that an owner is familiar with her property and knows what it is worth"); *Tessman v. Tiger Lee Constr. Co.,* 228 Conn. 42, 634 A. 2d 870 (1993) (in action against residential contractor, owner properly permitted to testify to current value of house, and what value would have been but for allegedly defective construction of house); *Pestey v. Cushman,* 78B A. 2d 496 (2002) (nuisance case; owner qualified to testify as to diminution in value of his property, and to causally connect loss in value to odors emanating from dairy farm).

Plaintiff also is now incapable, physically of performing strenuous construction work, and for that reason must hire semi-skilled labor to enable him function, at a cost to be established at trial. The general rule (adhered to in Connecticut) is that future economic loss to a tort victim need not be (and indeed never *can* be) proved with mathematical certainty; it is sufficient that the plaintiff "establish a reasonable probability that his injury did bring about a loss of earnings and must afford a basis for a reasonable estimate by the ... jury of the amount of that loss." Bombero v. *Marchionne,* 11 Conn. App. 485, 489, 529 A. 2d 396 (1987) *cert. den.,* 205 Conn. 801. With respect particularly to a self-employed plaintiff, evidence of economic loss must be of sufficient quality to "remove the issue from one of speculation," but it "need

not be established with exactness so long as the evidence affords a basis for a reasonable estimate by the jury." Delotte v. *Roraback,* 179 Conn. 406, 426 A. 2d 791, (Conn. 1980)

Defendants' legal issues:

1. Choice of law. Defendants contend that this court, sitting in diversity, should apply Connecticut's choice of law rules and conclude that the substantive law of the State of New York applies.

2. New York law establishes a comprehensive statutory scheme for "no fault" compensation of injured persons in motor vehicle accidents to ensure that every auto accident victim is compensated for substantially all of his or her economic loss promptly and without regard to fault and to significantly reduce the number of automobile personal injury accident cases in the courts.

3. The plaintiff was a "covered person' under New York Insurance Law §5102(j) as the passenger in the New York insured motor vehicle of Carl Magnone.

4. Under New York law, plaintiff as such a "covered person" cannot recover damages for basic economic loss from another covered person (such as the defendants Mr. & Mrs. Wong) and cannot recover damages for non-economic loss (such as pain and suffering, impairment and disability) except in the case of a "serious injury." New York Insurance Law §5104(a).

5. The defendants are "covered persons" within the terms of the New York Insurance Law because Ms Wong was operating a motor vehicle owned by Mr. Wong and insured in Connecticut with a policy of motor vehicle liability insurance coverage. New York Insurance Law §5107

(a) -

6. Because plaintiff failed to make claim for his No Fault benefits (up to $50,000) for basic economic loss against the insurance carrier for Magnone, he is prohibited from recovery against the defendants for basic economic loss (economic loss up to $50,000) and for any non-economic loss unless he proves that the defendants' negligence proximately caused him to sustain a "serious injury" as defined under New York law.

7. The defendants are entitled to a credit or offset against any award by the jury for economic loss up to the amount of $50,000 and it is irrelevant that the plaintiff did not make claim for or receive any no fault benefits. See, e.g., *Donovan v. U-Haul of Utah, Inc.,* 1998 WL 381068 (SDNY 1998); *Fiveson v. Kodenar,* 110 A.D.2d 749, 488 N.Y.S.2d (2nd Dept. 1985).

8. The injuries claimed by the plaintiffs do not constitute "serious injury" under the provisions of New York law.

9. The plaintiff's claim for an alleged lessened price    the sale of his personal home in 2003 allegedly because he had not been able to complete unspecified improvements to the house due to his injuries is too speculative and has no foundation in New York law as a basis for an award of economic damages nor has the plaintiff disclosed any expert or identified any expert testimony with respect to this novel claim. Evidence about such a claim should be excluded.

9. STIPULATED FACTS/CONTESTED FACTS: The parties stipulate to the following facts:

1. Joseph P. Bichsel at the time of the accident and at the time this action was commenced was a resident of and domiciled in the United States Virgin Islands.

2. Joseph P. Bichsel is now a resident of, and domiciled Bend, Oregon.

3. Alex Wong and Jillian Wong are residents of, and domiciled the State of Connecticut.

4. This accident occurred on June 26, 2001, on the Hutchinson River Parkway in Rye Brook, New York.

5. At the time of the accident, Plaintiff Joseph P. Bichsel was a passenger in an automobile registered to, and operated by Carl T. Magnone, a resident of Pound Ridge, New York.

6. The Magnone vehicle was garaged in New York State and bore New York license plates.

7. The 1999 Nissan of Mr. Magnone was insured under the provisions of New York Insurance Law to provide New York No Fault coverage.

8. Mr. Bichsel is a "covered person" within the terms of the New York No Fault Law Insurance Law.

9. At the time of the accident, Jillian Wong was operating a 2001 Mercedes Benz owned by Alex Wong. This vehicle was registered in Connecticut and was garaged in Greenwich, Connecticut.

10. Mrs. Wong was operating a motor vehicle owned by Mr. Wong that was insured in Connecticut with a policy of motor liability insurance (Fireman's Fund).

11. The accident occurred when the front of the Wong vehicle struck the rear of the Magnone vehicle which had stopped in a line of

traffic due to construction work on the highway.

12. Mr. Bichsel did not make a claim for his basic economic loss under the New York No Fault law against the insurance carrier of the Magnone vehicle.

13. At no time prior to commencement of this suit in February 2003, did Mr. Bichsel receive any medical treatment from or personally consult with any doctor, hospital, therapist or other health care provider in the State of Connecticut for injuries claimed in this accident.

CONTESTED FACTS: The injures, damages and losses sustained by Mr. Bichsel proximately caused by the accident.

10. LIST OF WITNESSES:

Plaintiff: Plaintiff expects to call:

Joseph P. Bichsel. He will testify to all aspects of the accident, his pre-accident and post-accident health status, his medical problems and physical limitations and difficulties, his resulting business losses, and all aspects of his general damages (pain and suffering, etc.)

Jillian Wong: She will testify to the impact of the accident, including speed, and her own injuries.

Carl Mangone. Mr. Mangone will testify regarding the nature and impact of the collision and his own injuries.

William Mayers. Mr. Mayers will testify, based upon his experience of working with plaintiff as construction labor on many projects through the years, and based upon his personal

contacts and observations of plaintiff after the accident, concerning the impact this accident has had upon plaintiff both in his ability to function as a carpenter and personally.

Frank Bishop, M.D.  Dr. Bishop, plaintiff's family physician for more than a decade, will testify regarding the absence of any back, neck or shoulder problems prior to the accident, and his problems after the accident and his course of treatment, all as reflected in his medical records.

Hugo Caesar, M.D.  Dr. Caesar will testify as to his orthopedic diagnosis and treatment of plaintiff, and his prognosis, as well as the causal relationship of plaintiff's problems to the accident.

Carmen Cintron, D.O.  Dr. Cintron will testify regarding the nature and extent of plaintiff's musculoskeletal problems, her diagnosis and treatment, her prognosis, the reasonable necessity of the medical expenses incurred by plaintiff, and the causal relationship of the accident to plaintiff's health problems.

Raymond Tien, M.D.  Dr. Tien will testify regarding plaintiff's more recent health status in Oregon.

Lorie Domartchuk, PT.  She will testify as to plaintiff's recent course of physical therapy, his attempts to rehabilitate through therapy and his independent exercise as prescribed, and her observations of his pain and limitations.

Joel Uretta.  Mr. Uretta is the real estate broker who sold plaintiff's half-completed home for $450,000.  He will testify as to the quality of Mr. Bichsel's work, the sales price, the fact that construction was recently completed by the new buyer, and is being listed for approximately double the sales price

realized by plaintiff on the incomplete home.

Susan McKenzie, MS, CRC. Ms. McKenzie will testify as to plaintiff's vocational rehabilitation limitations and prospects.

Bernard Pettingill, Jr. Ph.D. Dr. Pettingill, an economist, will testify as to plaintiff's economic losses (all as set forth in his written report previously provided).

Plaintiff also reserves the right to call any nesses listed by Defendant.

Defendants: defendant expects to call:

Jillian Wong. The defendant may testify as to the accident, her observations of Mr. Bichsel at scene following the accident and, if not stipulated, her motor vehicle liability insurance coverage.

Carl Magnone, Pound Ridge, New York, by depo transcript excerpt. See §12(3) below. He will testify to his motor vehicle ownership, registration and insurance coverage.

Dr. Juan Bartolomei, Irving, Texas, by deposition. See §12(1) below. Dr. Bartolomei will testify as to his examination of plaintiff, his findings, conclusions, opinions and recommendations, all as set forth in the transcript of his depo testimony.

Dr. Robert N. Margolis, New Haven, CT by video taped deposition. See §12(2) below. Dr. Margolis will testify as to his examination of plaintiff, his findings, conclusions, opinions and recommendations, his comments upon the reports and examinations by other medical professionals, and his opinions as to the man's medical and physical conditions in relation to the accident, all as set forth in his video taped deposition.

James S. Cohen, Ph.D., 8 Barbara's Way, Ellington, CT 06029. Dr.

Cohen is a vocational rehabilitation specialist. He is expected to testify to the job market available to the plaintiff in Bend, Oregon and his functional capabilities to work and earn wages in amounts at least equal to if not higher than his net earnings prior to the accident. He will testify based on governmental and business sources and review of the records, reports, deposition transcripts in this case, all as set forth more fully in his report dated October 18, 2004. He can be made available during the week of November 1, 2004, for a deposition by plaintiff should counsel so desire.

Dr. Michael H. Lavyne, New York Presbyterian Hospital. His office address is 523 East 72nd Street, New York, NY 10021. Dr. Lavyne is one of plaintiff's treating physicians. His report will be offered in e    ence.   Dr. Lavyne is a neurological surgeon. His opinions and conclusions and the bases therefor, and of the reports, films and records considered by him in connection with his examination and treatment of the plaintiff and with forming his impressions, conclusions, opinions and recommendations are all as set forth in his Progress Notes of April 15, 2003.

11.    EXHIBITS: Plaintiff:
      Accident report
      Ms. Wong's written statement to Fireman's Fund.
      All medical records (previously supplied).
      C.V.'s of all experts testifying in person or by deposition.
      All tax and business records identified by defendants, below.
      Real estate closing records relating to sale of home.
      Photographs of home in partially completed and completed state.

Illustrative exhibits of injuries.

Photographs of plaintiff's prior work.

Defendants:

501  C.V. Of Dr. Juan Carlos Bartolomei (Ex. 1 at depo of Dr. Bartolomei)

502  Dr. Bartolomei neurosurgery consultation note 5/5/03 (Ex. 2 at his depo)

503  C.V. of Dr. Robert N. Margolis (Ex. 1 at his depo)

504  Report of 7/15/04 of Dr. Margolis

505  Neurosurgery progress note by Dr. Michael Lavyne and Dr. Philip Wilson, 4/15/03

506-513  U.S. federal income tax returns for Joseph P. Bichsel, 1995 through 2003

514-517  V.I., Gross Receipts Monthly Tax Returns for Bichsel and Seaview Construction for 1999 through 2003

518-526  Bichsel's business and banking summary for years 1995 through 2003 (as produced by plaintiff, except duplications with 506-517 will be removed)

527 Report of April 15, 2003, of Dr. Michael Lavyne.

528  Virgin Islands records of Bichsel/Seaview Construction business (to be identified)

12.  DEPOSITIONS:

Plaintiff intends to offer the following:

1.  Juan Bartolomei, MD: Entire deposition transcript to read to the jury (objections by counsel deleted).

2.  The deposition of Dr. Robert N. Margolis with deletions

suggested by defendants (below.

3. The deposition of Carl Mangone (in its entirety).

4. The deposition of Carmen Cintron, DO (if she does not appear in person or undergo a video deposition de bene esse).

5. Video deposition of Dr. Bishop (not yet taken).

6. Video deposition of Dr. Caesar (not yet taken).

7. Video deposition of Joel Uretta. (not yet taken).

8. Video deposition of Susan McKenzie, MS, CRC (not yet taken).

9. Video deposition of Bernard Pettingill, Jr. Ph.D. (not yet taken).

10. Video deposition of Dr. Bishop (not yet taken).

Defendants intend to offer the following:

1. The depo of Dr. Juan Bartolomei, plaintiff's treating neurosurgeon, taken August 3, 2004. The transcript will be read to the jury (except: p. 30, line 23 through p. 31, line 22; p. 38, line 10 through p. 39, line 9).

2. The depo of Dr. Robert N. Margolis, defendants' examining orthopaedic surgeon, taken on September 24, 2004. This was video taped and defendant will play the video tape to the jury (except: those portions representing transcript p. 26, line 13 through p. 26, line 21; p. 44, line 9 through p. 45, line 15.)

3. Portion of the depo of Carl Magnone, taken on September 30, 2004. The defendant will have the following portion read to the jury: p. 4, line 1 through p. 7, line 21.


13. JURY INSTRUCTIONS:

Plaintiff: Proposed jury instructions are attached and submitted on disc. Note that in the event the Court rules that New York no-

fault law applies, Plaintiff will request instructions substantially in accordance with New York's Pattern Jury Instructions relating to third party liability automobile negligence claims.

Defendants: (A) Defendants' proposed Requests to Charge are attached hereto and submitted on disk in WP 10.0

(B)  In addition, defendants request that the court submit the case to the jury on a Special Verdict form with Interrogatories pursuant to F.R.C.P. 49(a) because of the requirements of New York substantive law, to permit the court to offset the amount of any economic loss damages award entered up to the sum of $50,000 and to permit the court to determine if non-economic loss damages are to be awarded, all as discussed in Part #B above.

(B) (I)   Defendant respectfully requests the followi g Interrogatories be submitted:

1. Did the plaintiff prove by a fair preponderance of the evidence that the negligence of the defendants proximately caused plaintiff to sustain economic loss?

2. If the answer to Interrogatory #1 is "yes", what is the amount of such economic loss the jury finds the plaintiff has proven?

3. Did the plaintiff prove by a fair preponderance of the evidence that the negligence of the defendants proximately caused plaintiff to sustain a "serious injury or injuries" as I have defined the terms to you?

4. If the answer to Interrogatory #3 was "yes", did the plaintiff prove by a fair preponderance of the evidence that the negligence of the defendants proximately caused plaintiff to sustain

non-economic loss?

5. What is the amount of such non-economic loss the jury finds the plaintiff has proven?

(B)(ii) Upon return of the completed Interrogatories, the court must offset up to $50,000 the amount of economic loss found in answer to Interrogatory #2. The remainder will be the amount of the judgment for economic loss if greater than zero; if the remainder is a negative sum or zero, the court will enter judgment for the defendants as to economic loss. The court will then determine if the jury found that the plaintiff sustained a "serious injury" in answer to Interrogatory #3. If not, the court will enter judgment for the defendants as to non-economic loss; if so, the amount in answer to Interrogatory #5 will, unless otherwise set side or modified by the court, be entered as the judgment for non-economic loss.

14.    EVIDENTIARY PROBLEMS:

Plaintiff will file appropriate motions    limine relative to proof of economic loss and relative to defendants' *Daubert* challenge of Dr. Cintron's opinions.

15.    FURTH'    PROCEEDINGS:

(A)  Hearing on Motion in Limine re: choice of law. Defendant contends that New York law must govern liability and damages at trial because this was a New York accident, Bichsel was a Virgin Islands resident, there is no connection with Connecticut other than the fortuity of a Connecticut driver having been involved and the case brought to federal court on diversity grounds whereas New York has a statutory no fault scheme which governs motor vehicle accidents on its highways. Under well established principles, this federal court

will apply Connecticut's choice of law rules and those mandate the application of New York substantive law to the trial of this case.

(B) A *Daubert* hearing will be necessary with respect to whether Dr. Carmen Cintron, D.O., an osteopath, who treated plaintiff from March 2, 2004, to May 7, 2004, can testify and to what extent. The defendants challenge the qualifications and expertise of osteopath Dr. Carmen Cintron, D.O., to testify to opinions concerning injuries and medical conditions of Bichsel which were caused by the accident of June 26, 2001. The reasons are that (1) she admitted at her deposition on August 27, 2004, that she had not, in fact, viewed or read the x-ray and MRI films upon which she relied to form the basis for her opinions, (2) her methodology was unreliable under the *Daubert* case law, and (3) her opinions are not based upon the facts of the case.

(C) Plaintiff cla s as an element of his economic damages that he obtained an alleged lessened price on the sale of his personal home in October 2003 allegedly because he had not been able to complete unspecified improvements to the house due to his injuries. Defendant will move    limine to preclude evidence of such a claim. This claim is too speculative and has no foundation in New York law as a basis for an award of economic damages nor has the plaintiff disclosed any expert or identified any expert testimony with respect to this novel claim. Evidence about such a claim should be excluded.

The parties reserve the right to file such further motions or raise additional issues as may be appropriate prior to or during trial.

RESPECTFULLY SUBMITTED this 26TH day of October, 2004.

    PLAINTIFF JOSEPH P. BICHSEL

    By:
    William J. Kupinse, Jr., Esq.
    WARREN F. SASSO, ESQ.
    GOLDSTEIN & PECK
    P. O. BOX 1538
    BRIDGEPORT, CT 06601

    EDWARD L. BARRY
    ATTORNEY FOR PLAINTIFF (PRO HAC VICE)
    HAMM & BARRY
    5030 ANCHOR WAY
    CHRISTIANSTED, VI 00820

                DEFENDANTS, JILLIAN WONG AND
                ALEX WONG


                BY: _____
                    ROBERT G. OLIVER
                    FRANCIS J. DRUM III
                    MULVEY, OLIVER, GOULD & CROTTA
                    83 TRUMBULL STREET
                    NEW HAVEN, CT 06511
                    (203)624-5111
                    FED ID. NO. CT 00192

CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid on _____ 2004, to:

Warren F. Sasso, Esq.
William J. Kupinse, Jr., Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT 06601

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI 00820

_____
ROBERT G. OLIVER

_____

[1] A helpful overview of New York No-Fault Automobile law is contained in the Introduction to New York Pattern Jury Instructions. *N.Y.* Pattern *Jury Inttr.--Civil Div.,* 2 G 1 Intro.

10/26/2004