UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
    PLAINTIFF                     CIVIL ACTION NO.:03-CV-0288(WWE)

VS.

JILLIAN WONG and ALEX WONG,
    DEFENDANTS                  OCTOBER 28, 2004

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY OR INTRODUCTION OF EVIDENCE RELATED TO LESSENED SALE PRICE OF PLAINTIFF'S RESIDENCE</u>**

     The defendants have moved in limine for an order precluding the plaintiff from testifying to or introducing evidence OF the lessened price for the sale of his former home in 2003 due to plaintiff's alleged inability to make improvements to the home as a result of his injuries.  Evidence of this sort would be highly speculative and not based on fact and, therefore, can not satisfy the requirement of proof of lost profit with reasonable certainty.

I.  **FACTS**

Prior to the accident in this case, the plaintiff purchased property in St. Croix and, over the years, gradually built a home.  The plaintiff worked on the home when he could find the time, money and materials to do so.  Some years prior to the accident, the plaintiff completed construction and moved in to live.  The plaintiff claims that after the accident in this case, he was unable to complete improvements to the home and was forced to sell it in October 2003.  In December of 2002, however, the plaintiff was assaulted in his home by intruders.  The plaintiff thereafter moved out and never lived there again.

II.  **THE PLAINTIFF'S CLAIM FOR LOST PROFITS OR REDUCTION IN THE SALE PRICE OF HIS HOME IS TOO SPECULATIVE TO BE ADMISSIBLE**

Lost profits are recoverable when they result from the natural consequences of the commission of a tortious act.  *Levine v. American Federal Group Ltd.*, 580 N.Y.S.2d 287, 288, (1992) citing *36 N.Y. Jur 2d, Damages §103*.  However, any amount of such lost profits must be proven with sufficient certainty, and cannot

be speculative. *Levine, supra*, 580 N.Y.S.2d at 288, citing *Hirschfeld v. IC Sec.*, 132 A.D.2d 332, 336, lv dismissed 72 N.Y.2d 841). Moreover, if the plaintiff suffered from lost profits, the lost profits must be proven by expert testimony. *Appliance Giant, Inc. v. Columbia 90 Associates*, 779 N.Y.S.2d 611, 613 (2004).

In the case of *Route 7 Mobil, Inc. v. Machnick Builder's, Ltd., 745 N.Y.S.2d 336 (2002)*, the plaintiff claimed that the defendant did not properly install a fuel tank at a local convenience store which resulted in contamination of diesel fuel with water. The plaintiff claimed, among other things, that there was a resulting "decrease in the value of the income producing real property of $454,139 and loss of profits in the amount of $281,000." *Id.*, 377. Plaintiff's expert witness calculated the reduced value of the property using the capitalization of income method, which was found to be too speculative and uncertain because the sale of diesel fuel constituted no more than 12 percent of the stores sales. *Id.* Thus, the New York Supreme Court awarded damages in the amount of

$616.77, representing the costs plaintiff actually incurred in fixing vehicles damaged by the contaminated diesel fuel.  *Id*.  The decision of the Supreme Court was affirmed.  *Id.*

In the *Route 7 Mobil* case, where the reduced value of property claim was found to be too speculative, the plaintiff at least proffered expert testimony based on sales data.  In this case, however, the plaintiff has not declared any expert witness to testify as to the value of the improvements as of the date of the accident in June 2001, the plans that existed for any additional construction, the reasonable value of any such additional construction contemplated, the effect such additional construction would have had on the sale price as of October 30, 2003, or any other period.  Insofar as the plaintiff's claim relates to the subsequent purchaser's improvements to the home and sale, the plaintiff would need to provide expert testimony as to the costs of those improvements and to what extent the subsequent sale price was affected by other conditions in the real estate market.

In the absence of such expert testimony and specific facts, the plaintiff's claim for the reduced selling price of his home

is purely speculative, uncertain and unsupported. Thus, the plaintiff should be prohibited from testifying to or introducing evidence related to the lessened price for the sale of his former home as it would not be able to satisfy the requirement that proof of lost profit be shown with reasonable certainty.

### III.     CONCLUSION

The plaintiff should be precluded from offering testimony or introducing other evidence relating to the lessened price for the sale of his former home in 2003 due to plaintiff's inability to make improvements to the home due to his injuries for the reasons that such testimony would be highly speculative and uncertain, and would not be supported by any expert testimony.

```
                          DEFENDANTS, JILLIAN WONG AND
                             ALEX WONG


                    BY:_____
                          FRANCIS J. DRUMM, III
                          MULVEY, OLIVER, GOULD & CROTTA
                          83 TRUMBULL STREET
                          NEW HAVEN, CT  06511
                          (203) 624-5111
                          (203) 789-8371 FAX
                          Fed Id. No. CT 24352
```

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on October 28, 2004, to:

William J. Kupinse, Jr., Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601

Warren F. Sasso, Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820

_____
FRANCIS J. DRUMM, III