```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
JOSEPH P. BICHSEL                       :
                                        :
v.                                      :   CIV. NO. 3:03CV288 (HBF)
                                        :
JILLIAN WONG and                        :
ALEX WONG                               :
                                        :
                                        :
                                        :
```

RULING ON MOTION IN LIMINE RE: CHOICE OF LAW **[Doc. #32]**

This is a diversity action based on negligence, filed by plaintiff Joseph P. Bichsel, seeking damages for personal injuries and losses sustained in a motor vehicle accident on June 26, 2001. Defendants have admitted liability for the accident. This action was filed on February 18, 2003, in Connecticut District Court. A jury trial in damages is scheduled to begin on November 15, 2004.

Defendants Jillian Wong and Alex Wong move in limine for an ruling on which choice of law governs this action. Defendants argue that New York law should be applied. Plaintiff argues for the application of Connecticut law. For the reasons that follow, defendants' Motion in Limine **[Doc. #32]** is **GRANTED**.

FACTS

The underlying facts are undisputed.

On June 26, 2001, plaintiff was a passenger in a 1999 Nissan automobile registered to, and operated by, Carl T. Magnone. The front end of defendants' vehicle struck the rear of Magnone's

car, which was stopped in a line of traffic due to construction work on the Hutchinson River Parkway in Rye Brook, New York.

At the time of the accident, plaintiff was a resident of, and a domiciliary of, the United States Virgin Islands.[1] Magnone was a resident of Pound Ridge, New York. Magnone's vehicle was registered in New York and garaged in New York state.

At the time of the accident, defendants Alex Wong and Jillian Wong were residents and domiciliaries of Connecticut. Jillian Wong was operating a 2001 Mercedes Benz owned by Alex Wong.  This vehicle was registered in Connecticut and was garaged in Greenwich, Connecticut.

Bichsel did not make a claim for his "basic economic loss" under the New York No Fault law against the insurance carrier of the Magnone vehicle.  NY Insurance Law §§5102(a), 5104.

At no time prior to the commencement of this suit in February 2003, did Bichsel receive any medical treatment from, or personally consult with, any doctor, hospital, therapist or other health care provider in the State of Connecticut for injuries claimed in this accident.

Plaintiff's only contacts with the state of Connecticut occurred after his lawsuit was filed in the District of Connecticut in February 2003: (1) in March 2003, plaintiff's counsel sent his x-ray and MRI films to Dr. Bronen in Connecticut for review; (2) on May 5, 2003, plaintiff consulted with Dr.

---

[1] Since June 2004, Bichsel has been a resident of and domiciliary of Bend, Oregon.

Bartolomei at Yale in New Haven, Connecticut; and (3) in July 2004, at the request of the defendants, Bichsel underwent an independent medical examination with Dr. Margolis at Yale in New Haven, Connecticut.

With the exception of the foregoing, all of plaintiff's medical treatment and examinations were in the Virgin Islands or in New York (the latter in April 2003), until he moved to Oregon (where he has seen a doctor and had therapy in Bend).  Of his claim for approximately $11,000 in medical expenses, only $210 relates to his visit to Dr. Bartolomei at Yale: the balance is for services in the Virgin Islands and in New York, or most recently in Oregon.  Approximately $2,285 of his medical expenses were incurred in New York following the accident.  Plaintiff's claim for lost wages and impairment of earning capacity relates solely to wages and earnings in the Virgin Islands and in Oregon.

DISCUSSION

Defendants contend that under §§6 and 145 of the Restatement (Second) Conflict of Laws, the correct law to apply is New York's. The Court agrees.

"Where the applicable law from each jurisdiction provides different substantive rules, a conflict of laws analysis is required." Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998)(citation omitted).  The parties agree that there are significant differences between the substantive laws of Connecticut and New York, requiring a cconflict of law analysis.

"Federal courts sitting in diversity look to the choice-of-law rules of the forum state." <u>International Business Machines, Corp. v. Liberty Mutual Ins. Co.</u>, 363 F.3d 137, 143 (2d Cir. 2004) (citation omitted).  In <u>O'Connor v. O'Connor</u>, 201 Conn. 632, 648 (1986), the Connecticut Supreme Court "expressly abandoned categorical allegiance to the doctrine of lex loci delicti in tort actions." <u>Dugan v. Mobile Medical Testing Serv., Inc.</u>, 265 Conn. 791, 800 (2003).  In its place, the court adopted the "most significant relationship" test of §6 and 145 of the Restatement (Second) Conflicts of Laws.  <u>Id.</u> at 801 (citation omitted).

    A.   <u>Contacts of Each Jurisdiction-Restatement (Second) Conflict of Laws Section 145(2)</u>

Section 145 of the Restatement (Second) Conflict of Law provides that "the General Principle" is as follows:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in §6.

Subsection (2) of §145 of the Restatement (Second) Conflict of Laws provides the following contacts should be considered when applying the principles set out in §6 in tort cases:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

"It is the significance and not the number, of §145(2) contacts that determines the outcome of the choice of law inquiry under the Restatement (Second) approach. As the concluding sentence of §145(2) provides, '[T]hese contacts are to be evaluated according to their relative importance with respect to the particular issue.'" O'Connor v. O'Connor, 201 Conn. 632, 652-53 (1986) (quoting 1 Restatement (Second), supra, §145(2), at p. 414).

In this case, plaintiff's claims of personal injuries and of lost earnings have no connection to Connecticut. Plaintiff has pled that his injuries were proximately caused by defendants' negligence, all of which occurred in New York.  There was nothing fortuitous about either party's presence in New York.  Svege v. Mercedes Benz Credit Corp., 182 F. Supp. 2d 226, 230-31 (D. Conn. 2002 (emphasis added).  Plaintiff flew to New York from the Virgin Islands to visit friends and to attend a party in Westchester.  He was a passenger in a car being driven to JFK airport at the time of the accident to take a return flight to the Virgin Islands. Plaintiff states that Mrs. Wong "was on a brief trip from her home in Greenwich to visit her dentist in Scarsdale, [New York]" on the day of the accident. [Doc. #40 at 15]. "As comment (e) to §145 provides: 'When the injury occurred in a single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law . . . .'"  Williams v.

State Farm Mutual Automobile Ins. Co., 229 Conn. 359, 372 (1994); see Svege, 182 F. Supp. 2d at 230 (quoting Williams).  Thus, factors (a) and (b) weigh in favor of applying New York law.

Factors (c) and (d) of §145(2) of the Restatement, however, are not conclusive.  Under factor (c), plaintiff was a resident and domiciliary of St. Croix, U.S. Virgin Islands, at the time of the accident.[2]  The defendants were, and remain, domiciled in Connecticut.  Neither side argues that the law of the Virgin Islands should apply.  Here, plaintiff and defendants "did not share a common domicile, and the issue is not one of which domicile is inherently important to its resolution."  Svege, 182 F. Supp. 2d at 235.  Finally, factor (d) is irrelevant because there was no relationship between the parties other than the accident.

Thus, considering all the §145(2) factors, New York had the "most significant relationship" with the parties.

    B.    Consideration of §6(2) Principles: Restatement (Second) Conflict of Laws

The interests to be considered in determining the choice of law under §6(2) also weigh in favor of the application of New York law.[3]

---

[2] Plaintiff moved to Bend, Oregon in June 2004.

[3] These principles include "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations,(e) the basic policies underlying the particular

For purposes of this analysis, the relative policy interests of New York and Connecticut, under sections (b) and (c) and (e), are the most important factors.

Defendants correctly argue that "[t]he policies of Connecticut as the forum state are not implicated in this case because Connecticut's only connections to this case were very limited: (1) at the time of the accident the defendants were domiciled in Connecticut; (2) at the time of the accident the defendants' motor vehicle was registered and garaged in Connecticut; (3) there was a single examination of the plaintiff by Dr. Bartolomei at Yale but only after the action was commenced; (4) plaintiff's counsel sent plaintiff's x-rays and MRI films to a Connecticut doctor (Dr. Bronen) for review also after the action was commenced, and (5) the defendants had the plaintiff examined by Dr. Margolis in Connecticut as an independent medical examination." [Doc. #32 at 14]. In addition, plaintiff received his medical treatment predominately in the Virgin Islands, with some treatment in New York and Oregon. Plaintiff seeks lost wages for his time in the Virgin Islands and Oregon.

The Court finds, and the parties agree, that New York has an obvious interest in regulating conduct and liability of persons who use its highways and thoroughfares. <u>Svege</u>, 182 F. Supp. 2d

---

field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." Restatement (Second) Conflicts of Laws, §6(2), at p. 10.

at 231; O'Connor, 201 Conn. at 653-54 ("If the issue at stake in the present controversy were whether the defendant's conduct was negligent, we might well conclude that Quebec's interest in applying its law was of paramount significance."); Doc. #32 at 15; Doc. #40 at 8.  "It is well settled that one of the purposes of New York's No-Fault Law, article 51 of the Insurance Law, was to reduce the number of common-law tort actions commenced in accidents involving the use or operation of a motor vehicle." Zecca v. Riccardelli, 742 N.Y.S. 2d 76, 78 (2002); Licari v. Elliot, 455 N.Y.S. 2d 570, 573 (1982) ("one of the obvious goals of the Legislature's scheme of no-fault automobile reparations is to keep minor personal injury cases out of court."); Johnson v. Hartford Ins. Co., 418 N.Y.S. 2d 1009, 1011 (1979) (citing, Report of the Joint Legislative Committee on Insurance Rates, Regulation and Recodification of the Insurance Law, N.Y. Legis. Doc., 1973, No. 18, p. 7). Pursuant to New York's no fault law, there is no right of action for negligence "in the use or operation of a motor vehicle" by one "covered person" against another covered person," "except in the case of a serious injury."  NY Insurance Law §§5102(a), 5104 (2004).  "Basic economic loss" covers medical expenses, loss of earnings, etc., up to fifty thousand dollars ($50,000) per person.  NY Insurance Law §5102(a).

   In contrast, Connecticut abandoned its no fault insurance scheme with the passage of Connecticut Public Acts 1993, No. 93-297.  See Conn. Gen. Stat. §38a-369 (1993); Willoughby v. City of

New Haven, 254 Conn. 404, 427 (2000).  Connecticut has no statutory provisions establishing a threshold to limit an injured person's access to the courts.  The Court agrees with defendants' argument that, "[a]lthough Connecticut also has a policy of compensating persons injured in [an] automobile accident as the result of a tortfeasor's negligence - that interest is reduced where the location of the accident and the conduct causing the injury both occurred in New York and the plaintiff has no connection with Connecticut.  Connecticut's interest is also reduced because the plaintiff was neither a Connecticut domiciliary nor had any contacts whatsoever with the state until after suit was brought here." [Doc. #32 at 16].

　　　　Plaintiff places great emphasis on the O'Connor Court's choice of Connecticut law over that of Quebec, without consideration of the case's distinguishing facts.  The Svege Court's observations are insightful.

> While plaintiff is correct in pointing out that the O'Connor court characterized the Quebec accident as purely fortuitous and applied Connecticut law, there were additional circumstances that weighed in favor of the application of Connecticut law. The case was brought by the passenger of the car against the driver for injuries sustained in a one-car accident.  'The parties, both of whom were Connecticut domiciliaries, were on a one day pleasure trip that began, and was intended to end, in Vermont.' Quebec law 'provided for government funded compensation for victims of bodily injury caused by automobile accidents,' and completely barred any court action to recover damages.  The court further considered it relevant that 'to the extent that the parties might have anticipated being involved in an automobile accident, they could reasonably have expected

>     to be subject to the provisions of
>     Connecticut's no-fault act."

182 F. Supp. 2d at 231 (citations omitted).

It is significant that, in support of his contention that Connecticut law should apply, plaintiff states in the first paragraph of his opposition brief that, "[i]f the Court were to apply New York law, plaintiff would be deprived of any recompense for the first $50,000 of his economic losses." [Doc. #40 at 1]. This is because "[p]laintiff never made any claim for "basic economic loss" - medical expense reimbursement and limited wage loss up to $50,000 payable as first party benefits irrespective of fault, NY Insurance Law §§ 5102, 5103, 5104(c), and the deadline for doing so has long passed."[4] Id.

---

[4] Section 5104 of the New York Insurance Law (2004) provides in relevant part: "CAUSES OF ACTION FOR PERSONAL INJURY. (a) Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."

Section 5102(a) of the New York Insurance Law (2004) defines "basic economic loss" as up to $50,000 per person of medical expenses, lost earnings, and specified incidental expenses.

Section 5102(d) defines "serious injury" as "personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

Here, defendants raised the issue of the applicability of New York's No Fault law in their First Affirmative Defense. Both the accident and the alleged conduct occurred in New York. Both parties had business in New York, either personal or otherwise, on the day of the accident. Fortuity was not a consideration in this case. See Svege, 182 F. Supp. 2d at 231. New York's interest in applying its highway safety standards weighs in favor of the application of its law, whether the action is brought in state or federal court. Indeed, all of these factors weigh in favor of applying New York law.

The Court next considers "the protection of justified expectations" under §6(2)(d). Notwithstanding plaintiff's arguments to the contrary, all of the "justified expectations" of the plaintiff at or just before the accident would weigh in favor of the application of New York law. As set forth above, plaintiff was a passenger in a car registered and insured in New York and operated by a New York resident with whom he was visiting. The accident occurred in New York. A justified expectation would be that, in the event of a motor vehicle accident, plaintiff would have insurance coverage under the driver's insurance policy and would have the benefits of the insurance and motor vehicle laws and regulations of New York state. The Court does not find plaintiff's contention credible that he expected that Connecticut's substantive law would apply and govern any action brought resulting from personal injuries sustained in a motor vehicle accident in New York.

Defendants argue, and the Court agrees, that factors §6(2)(a), "the needs of the interstate and international systems," and (f) "certainty, predictability and uniformity of result," of the Restatement (Second) Conflicts of Law are not conclusive. Plaintiff offered no argument under either of these factors. This case is not one that implicates the relationships between Connecticut, New York and/or another governmental system, as set forth in §6(2)(a). "Predictability and the protection of settled expectations are less significant because the settled expectations of parties are generally less important in unintentional torts than they are in fields such as contracts, property, wills and trusts, in which parties make plans on the basis of the legal consequences of their conduct." Williams, 229 Conn. at 373 n.16 (citing O'Connor, 201 Conn. at 651-52; Restatement §6, comment (i) and §145, comment (b)).

Finally, the Court agrees that factor (g), "the ease in the determination and application of the law to be applied," does not weigh in favor of the application of either Connecticut or New York law. Both states' laws can be easily determined.

CONCLUSION

For the reasons stated, defendants' Motion in Limine **[Doc. #32]** is **GRANTED**. The Court finds that New York law applies to this case.

Plaintiff will supplement his pretrial memoranda and provide proposed jury instructions under New York law to the Court by the

end of business Monday, November 8, 2004.

Jury selection and presentation of the evidence will begin on Monday, November 15, 2004.


SO ORDERED at Bridgeport this 5th day of November 2004.


                                          _____/s/_____
                                          HOLLY B. FITZSIMMONS
                                          UNITED STATES MAGISTRATE JUDGE