BICHSEL v. WONG                                              January 26, 2004

Page 1

```
 1    IN THE UNITED STATES DISTRICT COURT
 2    FOR THE DISTRICT OF CONNECTICUT
 3    ------------------------------x
 4    JOSEPH P. BICHSEL,
 5              Plaintiff,
 6       -versus-                    :Civil Action
                                      No.03-CV-0288(WWE)
 7
      JILLIAN WONG AND ALEX WONG,
 8
              Defendants.
 9
      ------------------------------x
10
11
12
13              Deposition of JOSEPH P. BICHSEL, taken
14    pursuant to The Federal Rules of Civil Procedure, at the
15    law offices of Mulvey, Oliver, Gould & Crotta,
16    83 Trumbull Street, New Haven, Connecticut, before
17    Patricia Saya, LSR No. 37, a Registered Professional
18    Reporter and Notary Public in and for the State of
19    Connecticut, on January 26, 2004, at 11:10 a.m.
20
21
22
23
24
25
```

SANDERS, GALE & RUSSELL                                    (203) 624-4157

Page 2

```
1    A P P E A R A N C E S:
2              For the Plaintiff:
3              HAMM & BARRY
               5030 Anchor Way, Gallows Bay
4              Christiansted, U.S. Virgin Islands 00820
               By:  EDWARD L. BARRY, ESQ.
5
               For the Defendants:
6
               MULVEY, OLIVER, GOULD & CROTTA
7              83 Trumbull Street
               New Haven, Connecticut 06511
8              By: ROBERT G. OLIVER, ESQ.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                      S T I P U L A T I O N S
 2
 3                  IT IS HEREBY STIPULATED AND AGREED by and
 4      between counsel for the respective parties hereto that
 5      all technicalities as to proof of the official character
 6      before whom the deposition is to be taken are waived.
 7
 8                  IT IS FURTHER STIPULATED AND AGREED by
 9      and between counsel for the respective parties hereto
10      that the signing of the deposition by the deponent may
11      be performed before any Notary Public.
12
13                  IT IS FURTHER STIPULATED AND AGREED by
14      and between counsel for the respective parties hereto
15      that all objections, except as to form, are reserved to
16      the time of trial.
17
18
19                           *   *   *   *   *   *
20
21
22
23
24
25
```

```
 1      A.   No, I am afraid I don't.
 2      Q.   His office note for June 30th reflects that
 3   you had a fall on May 30th, 2002, and apparently injured
 4   a finger.  And do you have a recollection of that
 5   incident?
 6      A.   Vague recollection.  I do remember falling
 7   down while walking, and I remember that I did report
 8   that to Dr. Caeser.
 9      Q.   And that has nothing to do with our accident;
10   is that right?
11           MR. BARRY: Well, objection, foundation.
12      Q.   You can answer.
13      A.   Answer it?
14      Q.   Yes.
15      A.   I think the only thing that actually has to do
16   with the accident is that at that time, I was struggling
17   with this back thing, and I believe that the way I
18   fell -- that the cause of the fall was because of my
19   back.
20      Q.   What activity were you engaged in at the time,
21   immediately prior to your fall?
22      A.   Just walking.
23      Q.   Where were you at the time?
24      A.   I was up in my neighborhood at Union Mount
25   Washington.
```

1  Q. Were you on a sidewalk or a street or ground?
2  A. Just ground, and there was also a blacktop
3  road that leads up into the neighborhood.
4  Q. What led you to fall, if you recall?
5  A. I don't recall.
6  Q. Apparently -- but you injured a finger; is
7  that correct?
8  A. I don't recall that either, to tell you the
9  truth.
10 Q. That is fine. Dr. Caeser's records reflect
11 that on July 29th, 2002, he saw you, and you apparently
12 told him that you had fallen about 9:00 a.m. on
13 July 18th, 2002. That would be 11 days before, when
14 your right lower leg gave out.
15    Can you tell me where that incident occurred?
16 A. No. I'm sorry, Mr. Oliver. I don't recall
17 that either.
18 Q. I presume that -- withdrawn.
19    Since Dr. Caeser has this in his record or his
20 chart, was this something that you would have told him
21 at the time?
22 A. Yes. If he has it down there, I would imagine
23 that I had told him about it.
24 Q. But you don't have any present recollection?
25 A. No, not of the exact incident.

1    Q.  Since the incident of April, early April,
2  2003, at the Vest home, when you fell, collapsed, or
3  whatever the case, as you have described it, have you
4  had any other incidents of that nature when you have
5  fallen or lost your balance or collapsed?
6    A.  No --
7    Q.  Through to the present time?
8    A.  -- no.
9    Q.  Do you wear or use any appliances, such as
10 weight belts, things of that nature?
11   A.  No.
12   Q.  Have you ever been hospitalized or treated for
13 alcohol addiction?
14   A.  No, sir.
15   Q.  There are some reference in some of the
16 reports to undergoing an EMG, some sort of nerve
17 conduction test.  Have you ever undergone that test?
18   A.  No, I never have had that test.
19   Q.  Why is that?
20   A.  I don't know.
21       MR. BARRY:  I don't understand.  Why is it
22 in the records?
23       MR. OLIVER:  No, why has he not had the
24 test which was referred to as something --
25       MR. BARRY:  You are saying he was

```
 1
 2
 3                    JOSEPH P. BICHSEL
 4         SUBSCRIBED AND SWORN TO BEFORE ME, the
 5   undersigned authority, on this the      day of
 6            , 19    .
 7
 8
 9                    NOTARY PUBLIC
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

# CERTIFICATE

I hereby certify that I am a Notary Public, in and for the State of Connecticut, duly commissioned and qualified to administer oaths.

I further certify that the deponent named in the foregoing deposition was by me duly sworn and thereupon testified as appears in the foregoing deposition; that said deposition was taken by me stenographically in the presence of counsel and reduced to print under my direction, and the foregoing is a true and accurate transcript of the testimony.

I further certify that I am neither of counsel nor related to either of the parties to said suit, nor am I interested in the outcome of said cause.

Witness my hand and seal as Notary Public this 11th day of February, 2004

_Patricia Saya_
NOTARY PUBLIC

My Commission Expires:
6/2005

## ERRATA SHEET

CAPTION: JOSEPH P. BISCHEL VS. JILLIAN WONG AND ALEX WONG
DEPOSITION OF: JOSEPH P. BISCHEL
DATE OF DEPOSITION: JANUARY 26, 2004

In order to make this deposition more nearly conform to the testimony, the deponent wishes to make the following changes:

| PAGE | LINE | NOW READS | SHOULD READ |
|---|---|---|---|
| 19 | 18 | flag | flag man |
| 53 | 9 | Near his home | near your home |
|  | 10 | a gun with him | a gun with you |
| 72 & following |  | O'Neil & Son & Associates | O'Neil & Anderson |
|  |  | O'Neil & Son | O'Neil & Anderson |
| 112 | 2 | sink out | zing out |

Page 132

1
2          *Joseph P. Bichsel* (signature)
3                    JOSEPH P. BICHSEL
4          SUBSCRIBED AND SWORN TO BEFORE ME, the
5     undersigned authority, on this the 19th day of
6     February, 2003.
7
8                    *Catherine McWayne* (signature)
9                         NOTARY PUBLIC
10
                          CATHERINE McWAYNE
11                          NOTARY PUBLIC
                   My Commission Expires 12/15/06
12                          NP - 029 - 03
13
14
15
16
17
18
19
20
21
22
23
24
25