**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

2004 NOV -5  P 3: 25

```
****************************
JOSEPH P. BICHSEL          :        CIVIL ACTION NO.: 03-CV-0288 (WWE)
Plaintiff,                 :
                           :
v.                         :        NOVEMBER 5, 2004
                           :
JILLIAN WONG and           :
ALEX WONG                  :
Defendants.                :
****************************
```

OBJECTION TO DEFENDANTS' MOTION IN LIMINE
RE Dr. CARMEN CINTRON

I. Preliminary Statement

While considering the pre-trial motions and objections now pending the court should

keep in mind that the defendant, Jillian Wong, admits that she crashed the car she was driving

into the back of an automobile in which Mr. Bichsel was a passenger.  Dr. Carmen Cintron is a

licensed <u>treating</u> osteopathic[1] and internal medicine physician who attended Mr. Bichsel for the

injuries caused by the defendants' admitted negligence.  Dr. Cintron is qualified to testify as to

the nature and extent of Mr. Bichsel's injuries as well as the how the defendants' negligence

caused those injuries for the following reasons:

(1) Dr. Cintron is a Osteopath and Internal Medicine Physician;

---

[1]Osteopaths are admitted to internships and residencies approved by the American
Medical Association (A.M.A.) and local medical associations are allowed to accept osteopaths as
members further making osteopaths eligible for membership in the A.M.A.  <u>Brandwein v.
California Board of Osteopathic Examiners</u>, 708 F.2d 1466, 1468 (C.A. Cal. 1983).  In the State
of Connecticut osteopaths are licensed in the same manner as "physicians and surgeons" and are
subject to the same legal duties and responsibilities.  <u>See</u>, Conn. Gen. Stat. § 20-9(e) <u>et seq</u>.

(2) Dr. Cintron received her formal education at the New York College of Osteopathic Medicine and Eastern Virginia Medical School;

(3) Dr. Cintron is licensed to practice in St. Croix, U.S.V.I., Virginia, and North Carolina;

(4) Dr. Cintron evaluated, diagnosed, and treated Mr. Bichsel's injuries <u>and</u> provided osteopathic therapy;

(5) Dr. Cintron took a medical history from Mr. Bichsel and has considered that history in her evaluation, treatment, and diagnosis;

(6) Dr. Cintron reviewed and considered radiology reports and other information prepared by Mr. Bichsel's other treating physicians that documented the following injuries:

a.) erector spinae spasm involving the entire spinal column;

b.) central disk herniation C6-C7 with severe bilateral neural foramina narrowing;

c.) left paracentral disc herniation on T10-T11;

d.) right paracentral disc herniation on T11-T12 with minimal flattening of the spinal cord;

e.) bulging disc L2, L3, L4;

f.) central disc herniation L4, L5;

g.) grade 1 spondylolisthesis L5-S1 with the presence of disc material posteriorly;

h.) likely tear of disc annulus L4, L5, L5-S1 which renders the patient highly susceptible to complete disc herniation with minimal future trauma;

i.) Lumbosacral sprain with bilateral sacroiliac/trochanteric/piriformis trigger point tenderness;

j.) Inferior labral tear left shoulder as related to labral periosteal avulsion injury;

k.) chronic left biccipital tendonitis;

l.) left trapezius/supraspinitus/rhomboidius muscle spasm.

(7) Dr. Cintron personally met with, evaluated, and treated Mr. Bichsel on multiple occasions for the injuries he sustained as a result of the defendants' negligence.

II. Memorandum of Law

Dr. Cintron's proffered testimony is "reliable" under the standards governing the testimony of treating doctors. Courts consistently acknowledge that the so-called "Daubert" criteria are generally not appropriate for use in assessing clinical medical testimony. Moore v. Ashland Chemical, Inc., 126 F.3d 679, 689-690 (5th Cir. 1997). The preferred approach, when clinical medical testimony is challenged, is to determine whether the doctor's proposed testimony as a clinical physician is soundly grounded in the principles and methodology of his (her) field of expertise. Id.; Perkins, Et Al. V. Origin Medsystems, Inc., ___ F.Supp.3d ___(D. Conn. Jan. 14, 2004)(Civ. Action No.: 3:99 CV 1405 SRU)(The court's gatekeeping responsibility is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.").

Clinical medical providers, such as Dr. Cintron, routinely testify as to determinations made in the course of providing treatment to their injured patients - including ultimate conclusions as to the cause of the injuries under treatment. See, McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1043-1044 (2d Cir. Vt. 1995). In McCullock the challenged treating physician was permitted to testify as to how the plaintiff's exposure to glue fumes caused his throat polyps. Id. Even though medical literature supporting a connection between exposure to the glue fumes

and throat polyps was lacking the doctor was permitted to testify because of his clinical experience and review of the medical records. Id. In Perkins, __ F.Supp.3d __(D. Conn. Jan. 14, 2004)(Civ. Action No.: 3:99 CV 1405 SRU), the challenged treating physician was permitted to testify as how the plaintiff's injuries, pain, and discomfort were caused by a surgical fastening device used when the plaintiff underwent laparoscopic hernia surgery. Id. Again, the court found that the doctor's education, training, clinical experience, and care and treatment of the plaintiff made his testimony sufficiently reliable. Id.; Santoro v. Signature Construction, Inc., 2002 WL 31059292 (S.D.N.Y. 2002) citing Laski v. Bellwood, 132 F.3d 33 (6th Cir. 1997)(abuse of discretion not to allow treating physicians to testify as to cause of plaintiff's back pain); Zanowic v. Ashcroft, 2002 WL 373229 (S.D.N.Y. 2002)(treating physician can express and opinion as to the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of the disability caused by the injury); Shapardon v. West Beach Estates, 172 F.R.D. 415, 416 (D. Haw. 1997); Brown v. Best Foods, Inc., 169 F.R.D. 385, 387 (N.D. Ala. 1996).

When making a "gatekeeping" reliability determination under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and its progeny the court should favor admissibility because "the liberal admissibility standards of the federal rules...[provide] the necessary tools for challenging reliable, albeit debatable, expert testimony." Perkins, __ F.Supp.3d at __, ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Under Daubert, and the cases interpreting it, the rejection of expert testimony is the exception not the rule. Advisory Committee Notes, 2000 Amendments, Fed. R. Evid. 702;

Emphasis Added.  Dr. Cintron is qualified in her field, followed the usual and customary

evaluative and diagnostic techniques, reasonably relied upon information provided by other

medical professionals that treated Mr. Bichsel, and personally provided clinical medical care and

therapy to Mr. Bichsel.  Under these circumstances the threshold of "reliability" has been met.

III. Relief Requested

The Plaintiff reserves his right to further supplement this Objection with additional

caselaw, affidavits, live testimony, and/or evidence as necessary or desirable at the time

of oral argument.  WHEREFORE, after due consideration by the court the Plaintiff prays

that this Objection be Sustained.


THE PLAINTIFF,
JOSEPH P. BICHSEL, by


Warren F. Sasso, Jr.
Fed. Bar No.: CT-18128
Goldstein and Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601
Tel:  (203)334-9421
Fax: (203)334-6949

<u>CERTIFICATION</u>

This is to certify that the foregoing Objection was transmitted, by facsimile and first class

mail postage prepaid on this 5th day of November 2004, to:


Robert Oliver, Esq.
Francis J. Drumm, III, Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, Connecticut 06511

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, U.S.V.I. 00820

Warren F. Sasso, Jr.