THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************

| | |
|---|---|
| JOSEPH P. BICHSEL : | CIVIL ACTION NO.: 03-CV-0288 (WWE) |
| Plaintiff, : | |
| : | |
| v. : | NOVEMBER 5, 2004 |
| : | |
| JILLIAN WONG and : | |
| ALEX WONG : | |
| Defendants. : | |

*****************************

OBJECTION TO DEFENDANTS' MOTION IN LIMINE
RE LOST EARNINGS FROM SALE OF RESIDENCE

I. Preliminary Statement

The Plaintiff, Joseph P. Bichsel, advances sufficient evidence to place of issue of lost earnings from the sale of his residence squarely before the jury. Due to the automobile crash admittedly caused by the negligence of the defendant, Mr. Bichsel sustained injuries that prevented him from completing the construction of a house on St. Croix in the United States Virgin Islands.

Mr. Bichsel, a life long construction contractor, was building the house on his own. Mr. Bichsel was personally performing the physical labor on the project. After the automobile crash caused by the defendant Mr. Bichsel's injuries, as well as his reasonable and necessary treatment and therapy for those injuries, prevented him from finishing the project. As such, Mr. Bichsel was forced to sell the partially completed house. The house was later completed by another contractor closely following Mr. Bichsel's original

Page 1 of 6

plans and specifications. The completed house is currently on the market for just under one million dollars. But for the defendant negligently crashing her car into the back of the car in which Mr. Bichsel was a passenger, Mr. Bichsel would have completed the construction of the house. At that point Mr. Bichsel could have either sold the house or have kept it as an investment.

Mr. Bichsel as a former resident of the Virgin Islands, lifelong construction contractor, and the person who actually <u>performed</u> the construction of the house in question is well qualified to testify as to the value of his work as well as the house. In addition, there is further admissible evidence from which the jury can ascertain the Mr. Bichsel's appropriate compensation. The price of the partially completed house at the time Mr. Bichsel sold it is known <u>and</u> the market price of the house after completion by another contractor is also known. Under these circumstances the jury has a plethora of evidence from which it may determine Mr. Bichsel's appropriate compensation. The matters raised in the defendants' motion may raise issues that go to the weight of the Plaintiff's evidence, however, they provide no basis for taking this issue away from the jury.

## II. Memorandum of Law

It is well established that the issue of the value of property, as well as the impact of any external events upon the value of the property, may go to the jury based upon the owner's testimony alone. <u>Pestey v. Cushman</u>, 259 Conn. 345, 363-364, 788 A.2d 496

(2002). Such testimony may extend to include the diminished value of the property including what value the property would have had if certain eventualities had or had not occurred. Id.; State v. Simino, 200 Conn. 113, 120, 509 A.2d 1039 (1986) (rule "reflects ... common experience that an owner is familiar with her property and knows what it is worth"); Tessman v. Tiger Lee Constr. Co., 228 Conn. 42, 46-47, 634 A.2d 870 (1993) (in action against residential contractor, owner properly permitted to testify to current value of house, and what value would have been but for allegedly defective construction of house).

Under Connecticut law (as elsewhere) future economic loss to a tort victim need not be (and indeed never *can* be) proved with mathematical certainty; it is sufficient that the plaintiff "establish a reasonable probability that his injury did bring about a loss of earnings and must afford a basis for a reasonable estimate by the ... jury of the amount of that loss." Bombero v. Marchionne, 11 Conn. App. 485, 489, 529 A. 2d 396 (1987) *cert. den.,* 205 Conn. 801. Furthermore, a person who is "self-employed may recover for any losses brought about by his injury, and if his profits have been lessened, for that loss. Moiger v. Connecticut Ice Cream Company, Et Al., 146 Conn. 551, 554, 152 A.2d 925 (1959); Feehan v. Slater, 89 Conn. 697, 702-703, 96 A. 159 (1915). Again, even with respect to a self-employed plaintiff, evidence of economic loss must merely be of sufficient quality to "remove the issue from one of speculation," but it "need not be established with exactness so long as the evidence affords a basis for a reasonable

estimate by the jury." Delotte v. Roraback, 179 Conn. 406, 426 A. 2d 791, (Conn. 1980).

Mr. Bichsel was a self-employed licensed construction contractor and maintenance engineer (d.b.a. "Seaview Construction") and is entitled to all past, present and future economic loss proximately related from the accident. When the crash occurred Mr. Bichsel was in the process of building his own home in St. Croix, primarily through his own labor and his own funds. This project had to be aborted due to his injuries. Mr. Bichsel was forced to sell the home in a half-completed state for $450,000. He invested $234,958 in land, material and outside labor, and realized a profit of $215,042. He will testify that, based upon his own knowledge, experience and expertise as a construction contractor in St. Croix for many years, and of his knowledge of the nature and quality of his own property and local real estate market conditions, the home in its completed state would have had a market value of approximately $850,000. Other testimony will establish that the buyer did complete the home substantially in accordance with Mr. Bichsel's plans and specifications. There is clearly more than enough evidence for the jury to make a "reasonable estimate" of Mr. Bichsel's losses.

### III. Conclusion and Relief Requested

The Plaintiff reserves his right to further supplement this Objection with additional caselaw, affidavits, live testimony, and/or evidence as necessary or desirable at the time of oral argument. WHEREFORE, after due consideration by the court the Plaintiff prays that this Objection be Sustained.

THE PLAINTIFF,
JOSEPH P. BICHSEL by

*[signature]*

Warren F. Sasso, Jr.
Fed. Bar No.: CT-18128
Goldstein and Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601
Tel: (203)334-9421
Fax: (203)334-6949

## CERTIFICATION

This is to certify that the foregoing Objection was transmitted, by facsimile and first class mail postage prepaid on this 5th day of November 2004, to:

Robert Oliver, Esq.
Francis J. Drumm, III, Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, Connecticut 06511

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, U.S.V.I. 00820

Warren F. Sasso, Jr.