THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

:lt :1:x::h:isa::I:a::U:isx:x::k:l:x::l::1:x:;1:*4:a:8:x:S::kx:;R#:l:

| | |
|---|---|
| JOSEPH P. BICHSEL<br>Plaintiff, | CIVIL ACTION NO.: 03-CV-0288 (WWE) |
| v. | NOVEMBER 8, 2004 |
| JILLIAN WONG and<br>ALEX WONG<br>Defendants. | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

    1.  To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence. In this case, the defendant Mrs. Wong admits that her car collided with the rear of the car in which Mr. Bichsel was riding as a passenger and thus that she was responsible or liable for the collision. Those facts you must accept as established and proven. Of matters requiring further proof, credible evidence means the testimony or exhibits that you find worthy of belief. A preponderance means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase preponderance of the evidence refers to the quality of the evidence, its weight, and the effect that it has on your minds. Thus, unless an issue is admitted, as is liability in this case, in order for a party to prevail on an issue on which lie or she has the burden of proof, the evidence that supports his or her claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it. If it does not or if it weighs so evenly that you are unable to say that the is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party. In this case the plaintiff, Mr. Bichsel, claims that the defendants caused an automobile collision causing him serious injuries. The defendants have admitted that their car collided with the rear of the automobile in which Mr. Bichsel was riding as a passenger.  N.Y. **Pattern Jury Instr. -** Civil 2:88E (modified).

    2.  To find that the collision caused Mr. Bichsel serious injuries, you must answer one or more of the following questions in the affirmative:

a.) As a result of the collision, has Mr. Bichsel sustained a significant limitation of use of a body function or system? A limitation of use of a body function or system means that the function or system does not operate at all or operates only in some limited way. It is not necessary for you to find that there has been a total loss of the body function or system or that the limitation of use is permanent. However, the limitation of use must be significant, meaning that the loss is important or meaningful. A minor, mild or slight limitation of use is not significant. If you find that there has been a limitation of use, and also that the limitation is significant, you must answer the question "yes." If you find that there has been no limitation, or that the limitation is not significant, you must answer the question "no." N.Y. **Pattern Jury Instr. -** Civil **2:88E (modified).**

b.) As a result of the collision, has Mr, Bichsel sustained a permanent consequential limitation of use of a body organ or member? A limitation of use of a body organ or member means that the body organ or member does not operate at all or operates only in some limited way. It is not necessary for you to find that there has been a total loss of the use of the body organ or member. The limitation of use must be consequential which means that it is significant, important or of consequence. A minor, mild or slight limitation of use is not significant, important or of consequence. If you find that there is a permanent limitation of use, and also that the limitation is consequential, as I have defined it, you must answer the question "yes." If you find that there is no permanent limitation, or that the limitation is not consequential, you must answer the question "no." **N.Y. Pattern Jury Instr. -** Civil 2:88F (modified).

c.) As a result of the collision, did Mr. Bichsel sustain a medically determined injury or impairment of a non-permanent nature that prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident? A medically determined injury is one that is supported by testimony from physicians, osteopaths, and other medical professionals. If you find there is a medically determined injury or impairment of a non-permanent nature that prevented Mr. Bichsel from performing substantially all of the material acts that constituted his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the collision, you must answer the question "yes." If you find that there is no medically determined injury or impairment of a non-permanent nature that prevented Mr. Bichsel from performing substantially all of the material acts that constituted his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident, you must answer the question "no." N.Y. **Pattern Jury Instr. -** Civil 2:88G (modified).

3. If you decide that as a result of the defendants' admitted negligence and if you have answered one or more of the preceding questions in the affirmative, the defendants are liable for Mr. Bichsel's injuries, damages, losses, and pain and suffering, and Mr. Bichsel is entitled to recover a sum of money which will justly and fairly compensate him for any injury. damage, loss, and pain and suffering caused by the defendants. N.Y. **Pattern Jury Instr. -** Civil 2:280 (modified).

4. My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether Mr. Bichsel is entitled to recover from the defendants. If you decide that Mr. Bichsel is not entitled to recover from the defendants, you need not consider damages. Only if you decide that Mr. Bichsel is entitled to recover will you consider the measure of damages. If you find that Mr. Bichsel is entitled to recover from the defendants, you must render a verdict in a sum of money that will justly and fairly compensate Mr. Bichsel for all losses resulting from the injuries he sustained. **N.Y. Pattern Jury Instr. -** Civil 2:277 **(modified).**

5. With respect to any of Mr. Bichsel's injuries or disabilities that you find to be permanent, Mr. Bichsel is entitled to recover for future pain, suffering and disability and the loss of his ability to enjoy life. In this regard you take into consideration the period of time that Mr. Bichsel can be expected to live. In accordance with statistical life expectancy tables, Mr. Bichsel has a life expectancy of _____ years. Such a table, however, provides nothing more than a statistical average. It neither guarantees that Mr. Bichsel will live an additional _____ years or means that he will not live for a longer period. The life expectancy figure I have given you is not binding upon you, but may be considered by you together with your own experience and the evidence you have heard concerning the condition of Mr. Bichsel's health, his habits, employment and activities in deciding what Mr. Bichsel's present life expectancy is. **N.Y. Pattern Jury Instr. -** Civil 2:281 (modified).

6. It is agreed and stipulated between the parties that the defendant Mrs. Wong crashed her car into the back of the another automobile in which the plaintiff, Mr. Bichsel, was riding as a passenger. If you find that the defendants have proved that before this collision Mr. Bichsel had bulging, herniated, or torn spinal discs, back pain or discomfort, tendinitis, or other conditions and you further find that because of the collision Mr. Bichsel's conditions were aggravated so as to cause suffering and disability, then Mr. Bichsel is entitled to recover for any disability or pain resulting from such aggravation.   Mr. Bichsel is not, however, entitled to recover for any physical ailment or disability which existed prior to the collision or for any injuries from which Mr. Bichsel may now be suffering which were not caused or contributed to by the collision. If you

find that Mr. Bichsel has a pre-existing condition, then Mr. Bichsel may only be compensated for damage, pain, and suffering caused by the aggravation of the pre-existing condition, not the condition itself. Authority: N.Y. Pattern Jury **Instr. -** Civil 2:282 **(modified).**

7. The fact that Mr. Bichsel may have had a physical condition that made him more susceptible to injury than a typical healthy person does not relieve the defendants of liability for all injuries sustained as a result of the collision. The defendants are liable even though those injuries are greater than those that would have been sustained by a typical healthy person tinder the same circumstances. Authority: N.Y. Pattern Jury Instr. - Civil 2:283 (modified).

8. Mr. Bichsel is entitled to recover the amount of reasonable expenditures for medical services and medicines, including physician's charges, nursing charges, hospital expenses, diagnostic expenses and X-ray charges. If you decide for Mr. Bichsel on the question of liability, you will include in your verdict the amount that you find from the evidence to be the fair and reasonable amount of the medical expenses necessarily incurred as a result of Mr. Bichsel's injuries. If you find that the injuries Mr. Bichsel sustained are permanent, and that Mr. Bichsel will need medical, hospital or nursing expenses in the future, you will include in your verdict an amount for those anticipated medical, hospital and nursing expenses which are reasonably certain to be incurred in the future and that were necessitated by Mr. Bichsel's injuries. If you find that Mr. Bichsel is entitled to an award for medical expenses to be incurred in the future, you will f x the dollar amount of expenses over the entire period that you find Mr. Bichsel will incur such expenses and include that amount in your verdict. Authority: N.Y. Pattern Jury Instr. - Civil 2:285 **(modified).**

9. Mr. Bichsel is entitled to recover for his reasonable expenditures for medicines and medical services, and for any other reasonable and necessary expenses incurred as a result of the collision involved in this case. Some part of these expenses are covered by the no-fault law, and some are not. Mr. Bichsel may recover only for those expenses outside the coverage of the no-fault law. You are not to be concerned with the question whether a particular item is covered. You must decide the amounts of the medical and other expenses so that I can enter a judgment in the proper amount. With respect to medical expenses the evidence was:

You must answer the following questions:
What is the amount of medical expenses incurred in the year following the accident?
What is the amount of medical expenses incurred or that will hereafter be incurred after that year, but which were ascertainable by the end of the first year following the accident'?

What is the amount of other medical expenses, if any, not included in the answer to the first two questions?

In addition to medical expenses, Mr. Bichsel is entitled to recover for other reasonable and necessary expenses incurred. With respect to other reasonable and necessary expenses the evidence was:

You are to answer the following questions (with respect to each of the items for which Mr. Bichsel claims):
Did the plaintiff incur a reasonable and necessary expense for (specify the item)?
What was the amount per day charged for that service?
On how many days prior to and including June 26, 2002 did plaintiff receive that service?
On how many days after June 26, 2002 did plaintiff receive the service?
**Authority: N.Y. Pattern Jury Instr. -** Civil 2:285A (modified).

10. Mr. Bichsel is entitled to be reimbursed for any earnings lost as a result of his injuries caused by defendants negligence from the time of the accident to today. Moreover, if you find that as a result of those injuries Mr. Bichsel has suffered a reduction in his capacity to earn money in the future, then Mr. Bichsel is also entitled to be reimbursed for loss of future earnings. **Authority: N.Y. Pattern Jury Instr. - Civil 2:290 (modified).**

11. A plaintiff, such as Mr. Bichsel, who is in a business that depends upon his personal supervision or effort may recover damages to reimburse him for profits lost as a direct result of his inability, because of injuries, to devote his personal skill, talent or ability to the business. Such damages do not, however, include profits resulting from plaintiffs capital investment or profits derived from the work of others employed in the business. If you find that Mr. Bichsel is entitled to recover, you will make a separate award for the amount of business profits lost by Mr. Bichsel as a direct result of his inability, because of the injuries, to attend to the business. **Authority: N.Y. Pattern Jury Instr. -** Civil 2:295 **(modified).**

THE PLAINTIFF,
JOSEPH P. BICHSEL by

*[signature]* by J110

Warren F. Sato, J.
Fed. Bar No.: CT-18128
Goldstein and Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601
Tel: (203)334-9421
Fax: (203)334-6949

## CERTIFICATION

This is to certify that the foregoing was transmitted, by facsimile and first class mail postage prepaid on this 9th day of November 2004, to:

Robert G. Oliver, Esq.
Francis J. Drumm, III, Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, Connecticut 06511

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, U.S.V..00820

Warren F. Sasso, Jr.