UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
        PLAINTIFF                CIVIL ACTION NO.:03CV288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
        DEFENDANTS              NOVEMBER 5, 2004

**DEFENDANTS' TRIAL BRIEF –
NEW YORK INSURANCE § 5102 (d):   SERIOUS INJURY**

### I.   INTRODUCTION

The court, Fitzsimmons, Magistrate Judge, granted the defendant Jillian Wong and Alex Wong's Motion in Limine Re Choice of Law. New York's No Fault insurance laws apply to this case.  As the no fault insurance scheme employed by New York is substantially different from the law of Connecticut, the defendants submit this trial brief as an aid to the court in the application of the New York Insurance Law § 5102 (d) concerning the threshold requirement of Serious Injury.

## II. <u>THE STATUTORY SCHEME</u>

New York law establishes a comprehensive statutory scheme for "no fault" compensation of injured persons in motor vehicle accidents to ensure that every auto accident victim is compensated for substantially all of his or her economic loss promptly and without regard to fault and to significantly reduce the number of automobile personal injury accident cases in the courts.  Under the no fault scheme the plaintiff is prohibited from recovery against the defendants for basic economic loss (economic loss up to $50,000) and for any non-economic loss unless he proves that the defendants' negligence proximately caused him to sustain a "serious injury" as defined under New York law.  New York Insurance Law § 5104 (a).[1]  New York Insurance Law § 5102 (d) defines the term "Serious injury" to mean

---

[1] New York Insurance Law §5104 (a) provides in relevant part: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."

2

> **a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person`s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.**

Thus, pursuant to §5104 (a), the plaintiff's action for the recovery of non-economic loss and basic economic loss is barred unless he can prove that he sustained a serious injury, which falls into one of the categories listed in §5102 (d).

### III. THE PLAINTIFF'S INJURIES AS HE HAS ALLEGED THEM ARGUABLY ONLY FALL WITHIN THREE OF THE CATEGORIES OF SERIOUS INJURY LISTED IN § 5102(d).

The plaintiff, in his Complaint, has alleged certain injuries including,                 . Based upon these allegations, it is plain that the § 5102 (d) factors of a personal injury which results in (1) death, (2) dismemberment, (3) significant

3

disfigurement, (4) a fracture or (5) loss of fetus do not apply.  The defendants contend that if the plaintiff can establish a serious injury as that term is defined, which is denied, he can only qualify under three of the categories listed in § 5102 (d):

- **permanent consequential limitation of use of a body organ or member;**
- **significant limitation of use of a body function or system;** and
- **a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person`s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.**[2]

The plaintiff would seem to agree with the defendants position regarding the potential applicability of these three

---

[2] In the defendants' Proposed Jury instructions submitted with the defendants' portion of the Joint Trial Memorandum, Proposed Charge #1, the defendants proposed to limit the definition of serious injury to the categories of significant limitation and 90/180 days.  The defendants will be proposing additional charges to include the permanent consequential limitation category as well.

categories. See Plaintiff's Portion of the Joint Trial Memorandum, ¶ 6.

A survey of New York case law interpreting the categories of §5102 (d) in the context of personal injuries similar to those alleged by the plaintiff supports the defendants' contention regarding the applicable categories. Examples of cases supporting the potential applicability of these categories of serious injury include *June v. Gonet, 298 A.D.2d 811, 750 N.Y.S.2d 143 (2002)* (permanent consequential limitation of use of a body organ or member/90-180 day category; bulging of cervical disk and tiny cervical disc herniation); *Hassam v. Rock, 290 A.D.2d 625, 736 N.Y.S.2d 140 (2002)* (permanent consequential limitation of use of a body organ or member; disc herniation, left cervical radiculopathy and left foot drop) and *Gaddy v. Eyler, 79 N.Y.2d 955, 582 N.Y.S.2d 990, 591 N.E.2d 1176 (1992)* (permanent consequential limitation of use of a body organ or member/90-180 day category; significant limitation of use and medically

determined injury or impairment of a non-permanent nature; neck and back injuries).

These case do not stand for the proposition, however, that a bulging or herniated disc equates to a "serious injury" under any category. The mere diagnosis of a bulging disc or disc herniation will not support a claim for serious injury; *Toure v. Avis Rent A Car Sys.*, 98 N.Y.2d 345, 746 N.Y.S.2d 865, 869 n. 4, 774 N.E.2d 1197 (2002); *Greco v. Jackson*, 287 A.D.2d 539, 731 N.Y.S.2d 481, 482 (2001); *Duldulao v. City of New York*, 284 A.D.2d 296, 725 N.Y.S.2d 380, 381 (2001); *Monette v. Keller*, 281 A.D.2d 523, 721 N.Y.S.2d 839, 839 (2001). There must be additional evidence based on objective findings before a serious injury may be found to exist. *Jankowsky v. Smith*, 294 A.D.2d 540, 742 N.Y.S.2d 876, (2002); *Monette v. Keller*, 281 A.D.2d 523, 721 N.Y.S.2d 839, 839 (2001); *Lewis v. White*, 274 A.D.2d 455, 712 N.Y.S.2d 121 (2000).

The standards applied to each of these categories will be discussed, *infra*.

**IV. THE PERMANENT LOSS OF USE OF A BODY ORGAN, MEMBER, FUNCTION OR SYSTEM CATEGORY OF SERIOUS INJURY FOUND IN § 5102 (d) IS INAPPLICABLE TO THIS CASE.**

The plaintiff also appears to contend, however, that his injuries might also qualify under the category of "permanent loss of use of a body organ, member, function or system." See Plaintiff's Portion of the Joint Trial Memorandum, ¶ 6.[3] The defendants contend that this category is not applicable to the plaintiff's injuries as alleged [or disclosed] because no doctor has stated that the plaintiff has a total loss of use of a body organ, member, function or system. *Oberly v. Bangs Ambulance,* 96 N.Y.2d 295, 727 N.Y.S.2d 378, 381, 751 N.E.2d 457 (2001).

**V. INTERPRETATIONS GIVEN THE THREE APPLICABLE CATEGORIES**

---

[3] It is not entirely clear whether the plaintiff will try to prove that the permanent loss of use of a body organ, member, function or system category is applicable to his injuries. The Joint Trial Memorandum so states but plaintiff's proposed jury instructions do not include an instruction on this portion of the definition of "serious injury."

7

**OF SERIOUS INJURY UNDER NEW YORK INSURANCE LAW § 5102 (d)**.

  A. **PERMANENT CONSEQUENTIAL LIMITATION OF USE OF A BODY ORGAN OR MEMBER**.

New York law is well settled that under the category of permanent consequential limitation of use of a body organ or member, a plaintiff must show more than a mild, minor or slight limitation of use. *June v. Gonet, 298 A.D.2d 811, 750 N.Y.S.2d 143, 144, (2002); Mikl v. Shufelt, 285 A.D.2d 949, 728 N.Y.S.2d 816, 181 (2001); King v. Johnston, 211 A.D.2d 907*, 621 N.Y.S.2d 402, 403 (1995). The plaintiff must show that the injury is consequential, in other words, important or significant, and that it is permanent. *June v. Gonet, 298 A.D.2d 811, 750 N.Y.S.2d 143, 144 (2002); Hassam v. Rock, 290 A.D.2d 625, 736 N.Y.S.2d 140, 141 (2002)*. The evidence must show that organ, member or function can only operate in some limited way or only with persistent pain. *Hassam v. Rock, 290 A.D.2d 625, 736 N.Y.S.2d 140, 141 (2002)*. Under the permanent consequential limitation category, the plaintiff's physician must describe

8

the qualitative nature of the plaintiff's limitations based on the normal function, purpose and use of her body parts – whether plaintiff's injury is the source of her pain or limitations, the degree and permanency of the condition, and whether the condition is connected to the accident. *Seymour v. Roe, 301 A.D.2d 991, 755 N.Y.S.2d 452, 457 (2003); June v. Gonet, 298 A.D.2d 811, 750 N.Y.S.2d 143, 145 (2002); Toure v. Avis Rent A Car Sys., 98 N.Y.2d 345, 746 N.Y.S.2d 865, 871, 774 N.E.2d 1197 (2002); Dufel v. Green, 84 N.Y.2d 795, 622 N.Y.S.2d 900, 902, 647 N.E.2d 105 (1995).* The plaintiff's physician must also correlate his injury with the plaintiff's inability to perform certain normal daily tasks. *Toure v. Avis Rent A Car Sys., 98 N.Y.2d 345, 746 N.Y.S.2d 865, 871, 774 N.E.2d 1197 (2002).* Importantly, the plaintiff's claim of serious injury must be supported by objective medical evidence; the plaintiff's subjective complaints are insufficient to establish a serious injury. *Toure v. Avis Rent A Car Sys., 98 N.Y.2d 345, 746 N.Y.S.2d 865, 868, 774 N.E.2d 1197 (2002).*

      **B.**   **SIGNIFICANT LOSS OF USE OF A BODY FUNCTION OR SYSTEM**

The significant loss of use of a body function or system does not require the plaintiff's injury to be either total or permanent. *Oberly v. Bangs Ambulance, 96 N.Y.2d 295, 727 N.Y.S.2d 378, 381, 751 N.E.2d 457 (2001)*. However, the injury must nevertheless be significant. The term "significant" as used in the statute means something more than a minor limitation of use. Injuries which are minor, mild or produce a slight limitation of use are insignificant within the meaning of the statute. *Toure v. Avis Rent A Car Sys., 98 N.Y.2d 345, 746 N.Y.S.2d 865, 870, 774 N.E.2d 1197 (2002); Licari v. Elliott, 57 N.Y.2d 230, 455 N.Y.S.2d 570, 573, 441 N.E.2d 1088 (1982); Dufel v. Green, 84 N.Y.2d 795, 622 N.Y.S.2d 900, 902, 647 N.E.2d 105 (1995)*. The term significant refers to the medical significance of the injury and, as in the permanent consequential limitation category, there must a determination of the qualitative nature of the plaintiff's limitations based

on the normal function, purpose and use of her body parts by an expert doctor.  *Toure v. Avis Rent A Car Sys., 98 N.Y.2d 345, 746 N.Y.S.2d 865, 871, 774 N.E.2d 1197 (2002).*  Mere subjective complaints are insufficient to establish a significant loss of a body function or system.  *Toure v. Avis Rent A Car Sys., 98 N.Y.2d 345, 746 N.Y.S.2d 865, 868, 774 N.E.2d 1197 (2002).*

### C.   90/180 DAY CATEGORY

On a 90/180-day claim, the critical inquiry is whether the plaintiff has submitted sufficient competent, credible medical evidence based on objective medical findings of a medically determined injury or impairment of a non-permanent nature, which would have caused the alleged limitations on the plaintiff from performing substantially all of the material acts which constituted his usual and customary daily activities for 90 of the 180 days following the accident. *Monk v. Dupuis,*

*287 A.D.2d 187, 734 N.Y.S.2d 684, 688 (2001).* The plaintiff must demonstrate that his activities were curtailed to a "great extent" rather than some "slight curtailment." *June v. Gonet, 298 A.D.2d 811, 750 N.Y.S.2d 143, 144 (2002); Gaddy v. Eyler, 79 N.Y.2d 955, 582 N.Y.S.2d 990, 992, 591 N.E.2d 1176 (1992); Licari v. Elliott, 57 N.Y.2d 230, 455 N.Y.S.2d 570, 441 N.E.2d 1088 (1982).* The plaintiff must have been prevented from performing his usual and customary daily activities for not less than 90 of the 180 days following the accident. New York Insurance Law § 5102 (d).

Under the 90/180 day category, the plaintiff's medical records and other evidence must be evaluated for consideration of the stated diagnosis, the medical findings including diagnostic tests relied upon, if any, and their results and how the findings relate to the plaintiff's injuries or diagnosis. *Monk v. Dupuis, 287 A.D.2d 187, 734 N.Y.S.2d 684, 688 (2001).* If no diagnostic tests are relied upon, the evidence must reflect observable, palpable, measurable or quantifiable

12

findings upon physical examination. *Id, 689.* Evidence of serious injury based solely upon the plaintiff's subjective complaints is insufficient, including a physician's testimony and medical tests which are based solely on plaintiff's subjective complaints. *Id; Toure v. Avis Rent A Car Sys.*, 98 N.Y.2d 345, 746 N.Y.S.2d 865, 868, 774 N.E.2d 1197 (2002); *Davis v. New York City Transit Authority*, 294 A.D.2d 531, 742 N.Y.S.2d 658 (2002)(plaintiff's testimony that she was bedridden following the accident is insufficient); *Donisi v. Henderson*, 279 A.D.2d 603, 719 N.Y.S.2d 701, 702 (2001)(plaintiff's sworn affidavit regarding inability to perform customary activities insufficient where not substantiated by physician's affidavit of medically determined injury producing alleged impairment.)

    Also under the 90/180 day category of serious injury, it is also necessary for the plaintiff's claim of serious injury under this category to be supported by competent medical findings and tests and which connects the condition to the

accident.  *June v. Gonet*, 298 A.D.2d 811, 750 N.Y.S.2d 143, 145, 750 N.Y.S.2d 143 (2002); *Drexler v. Melanson*, 301 A.D.2d 916, 754 N.Y.S.2d 433, 437 (2003).

### VI.  CONCLUSION

The application of New York's No-Fault statutory scheme to this case requires that the plaintiff prove a "serious injury" within the meaning of New York Insurance Law § 5102 (d), before he may make any recovery in this case.  The New York cases interpreting §5102 (d) make clear that, based on the plaintiff's alleged injuries, the only potentially applicable categories of serious injury under the statute are (1) a permanent consequential limitation of use of a body organ or member, (2) significant limitation of use of a body function or system, and (3) a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person`s usual and customary daily activities

14

for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.  The strict standards under each category must be applied to effect the purpose behind the No-Fault Scheme to reduce the number of common-law tort actions commenced for accidents involving the use or operation of a motor vehicle and to provide for prompt compensation for the economic costs and losses sustained without regard to fault.

                    DEFENDANTS, JILLIAN WONG AND
                      ALEX WONG


BY:_____
    ROBERT G. OLIVER
    FRANCIS J. DRUMM, III
    MULVEY, OLIVER, GOULD & CROTTA
    83 TRUMBULL STREET
    NEW HAVEN, CT  06511
    (203) 624-5111
    (203) 789-8371 FAX
    Fed Id. No. CT 00192/ CT 24352

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on November 12, 2004, to:

William J. Kupinse, Jr., Esq.
Warren F. Sasso, Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820

And sent by fax to Mr. Barry, this date.

_____
ROBERT G. OLIVER

F:\MO&G\Active\Fireman's Fund 006700\Wong v. Bichsel RGO 103\Pleadings\trial brief re serious injury.wpd