UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
      PLAINTIFF                CIVIL ACTION NO.:03-CV-0288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
      DEFENDANTS            NOVEMBER 12, 2004

## <u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE TESTIMONY OF JOEL URETA</u>

_____The defendants, Jillian and Alex Wong, Submit this memorandum in support of their Motion in Limine to Preclude the Testimony of Joel Ureta. Attached hereto is a complete copy of the transcript of Mr. Ureta's deposition on November 10, 2004, in ASCII format as received from the court reporters in the Virgin Islands. Because of the shortness of time a formal typed transcript is not yet available but the defendants represent that this appears to be an accurate transcription of the deposition as taken on November 10, 2004.

**BACKGROUND**

The court is familiar with the essential facts from the Joint Trial Memorandum and the motions and rulings in the case. This is a case where the plaintiff claims personal injuries, economic loss and non-economic loss arising out of a motor vehicle accident on June 26, 2001, in New York State.  The case is to be tried under New York substantive law per the ruling of the court November 5, 2004 (Doc. #32).

Plaintiff claims that he was working on the construction of his personal home prior to the accident and as a result of the accident his efforts were restricted or prevented due to injuries sustained.  (See defendants' Motion in Limine to Preclude Testimony or Introduction of Evidence Related to Lessened Sale Price of Plaintiff's Residence dated October 28, 2004, for further background on these issues.)  He claims his house was not yet completed at the time he sold it. Bichsel sold his house (a property consisting of two contiguous lots of about 1.3 acres each) in early August 2003, for $450,000 to Tony and Natalie Harper. Mr. Ureta is being offered to testify to the following,

-2-

all of which is set forth in his deposition:

1. the workmanship and status of the alleged uncompleted condition of the house at the time of sale in the summer of 2003 (Tr., pp. 9-12)

2. what the Harpers have allegedly done to complete the house since purchasing (Tr., pp. 15-16)

3. that what the Harpers did was to follow or implement the architectural plans and drawings for construction allegedly used by Bichsel (except that they did more including, at least, installing a swimming pool and an extra bedroom) (Tr., pp. 15-17)

4. that the house and the lot upon which located (but not the second adjacent lot) is listed for sale by the Harpers for $925,000 (Tr., pp. 18-19)

5. That "to reasonable degree of probability within the ... scope of [his] own expertise ... that property will command a minimum price ..." (Tr., pp. 20-21)

6. That in his opinion the house as finished by the Harpers will sell for anywhere from $850,000 and up by the end of March 2005 (Tr., pp. 21-22)

-3-

7. That the Harper's asking/listing price is realistic (Tr., pp. 22-23)

In addition, plaintiff's counsel elicited testimony from Mr. Ureta as to Bichsel's reputation on the Island for quality construction and work (Tr., pp. 11-13)

**ARGUMENT**

What plaintiff is trying to do through the use of Ureta's testimony is to set a foundation for his claim that he is entitled to recover the difference between the price of the property as offered for sale by the Harpers and what he was paid on his sale to the Harpers, i.e, a sum in excess of another $300,000.[1] It would be grossly unfair and in violation of the rules to permit plaintiff to do this in this manner at the 11th hour on the very eve of trial when defendants can in no way undertake any defensive discovery in the Virgin Islands thousands

---

[1] Defendants also suspect Bichsel himself will then be asked to express an opinion on what it cost the Harpers to do the work or on the reasonable value of the work the Harpers did. All of this would also be inadmissible. See defendants' Motion in Limine to Preclude Testimony or Introduction of Evidence Related to Lessened Sale Price of Plaintiff's Residence dated October 28, 2004

-4-

of miles away. In addition, this testimony is irrelevant, highly prejudicial and would improperly introduce reputation/character evidence in violation of F.R.Evi. 404(a).

1. Plaintiff is clearly offering Mr. Uerta to testify to opinions he has formed in his his capacity of a real estate agent and based upon his expertise as such.  These are expert opinions as itemized above. F.R.Evi. 701-703.

However, plaintiff did not declare or disclose Mr. Ureta as an expert pursuant to F.R.Civ.P. 26(a) at any time:

A. Uerta is not listed in the plaintiff's responses to interrogatories dated August 5, 2003, as any kind of witness much less an expert witness.

B. Ureta was not disclosed as an expert witness in conformity with the court's several scheduling orders.

C. Ureta was not disclosed or declared as an expert in the Joint Trial Memorandum (he was merely listed as a witness who was yet to be deposed) and plaintiff's counsel orally disclaimed any intention to elicit expert testimony from Ureta. Defendants objected to Ureta testifying and offering expert and opinion

testimony in their Supplement to Joint Trial Memorandum dated November 5, 2004.

D. Even in the absence of a proper declaration, no written expert report at a minimum was ever provided.

Trial commences November 15. Ureta was deposed on Wednesday, November 10 in the Virgin Islands by plaintiff for the express purpose of preserving his testimony for presentation trial. An ASCII transcript of his testimony was received from the court reporters late on November 11. Today is the last working weekday prior to start of trial. The Virgin Islands are thousands of miles from Connecticut, in a different time zone and although a territory of the United States are a location where things seem to move at a different pace than in Connecticut. At this late date it is absolutely impossible for defendant to obtain any evidence to dispute Ureta's testimony, there is no way to obtain any testimony from the Harpers, the alleged plans referred to are not available (indeed, testimony about them is hearsay), and the deposition has been taken. Thus even if by some miracle some shred of evidence about the condition of the house before or

-6-

after sale by Bichsel could be obtained it is now too late to
cross-examine Ureta.

Even with the collegiality and cooperation and some degree
of informality which has rightly characterized the handing of
this case by both counsel, this is beyond the pale.  The rules
and scheduling orders as to expert witnesses exist for a purpose
- to control the orderly preparation and presentation of a
federal civil jury trial.  Permitting this expert testimony by
Ureta would be a miscarriage of justice and highly prejudicial to
defendants.

2. In addition, Mr. Ureta's testimony is irrelevant and
highly prejudicial for the reasons set forth in defendants'
Motion in Limine to Preclude Testimony or Introduction of
Evidence Related to Lessened Sale Price of Plaintiff's Residence
dated October 28, 2004.  Not only is the sale price of
plaintiff's house in August 2003 irrelevant to any issue in the
case under New York law, but also what the Harpers allegedly did
thereafter to complete the house is irrelevant, too remote, too
speculative and immaterial. F.R.Evi. 401, 402. In addition, any

-7-

probative value is heavily outweighed by its obviously highly prejudicial nature to defendants. F.R.Evi. 403.

3. Mr. Ureta's testimony as to what the Harpers have done to the house after their purchase from Bichsel is also without foundation. Ureta testified that the house and one lot are listed on the Multiple Listing Service in St. Croix, Virgin Islands with the real estate company with whom he works as an independent contractor as a real estate agent.  However, he said he had performed no services for the Harpers in connection with the current listing. (Tr., pp. 18-19, 31-32). There was no testimony he had even inspected the house after the Harpers' work had been done. He also said he had simply passed the plans and other papers given him by Bichsel (including the house keys) to the Harpers at the closing; he had not copied them and did not have copies nor did he even say he had studied the papers. (Tr., pp. 33-34) Further he admitted that his education was a B.A. in physical education, that he had never been employed in an architect's office, was not an engineer and had no particular skill or expertise in preparing architectural drawings or

-8-

blueprints. (Tr., pp. 34-35)

There is simply no foundation for any expert opinions nor is Ureta competent to testify to any such as were elicited from him. F.R.Evi. 702.

4. Mr. Ureta's testimony as to plaintiff's reputation is improper and must be excluded. F.R.Evi. 404(a). In a civil case the plaintiff can not preemptively offer on his direct, testimony of his reputation or character.  Moore's Federal Rules Pamphlet, 2004, Pt. 2, Federal Rules of Evidence, §404.8. First, Mr. Bichsel's character or reputation is not an issue in the case, nor has it been put in issue by the defendants in the pleadings. Nor is this a case even where evidence of past acts or habits, much less reputation or character can be proffered as proof of actions in accord thereof as to facts in dispute in the case. Nor can evidence of reputation, character or conduct of the plaintiff be proven by specific instances of past conduct (such as how he maintained a client's property). Cf., F.R.Evi. 608.

**CONCLUSION**

For all the reasons aforesaid, Mr. Ureta's deposition

testimony should be excluded from the trial of this case.




THE DEFENDANTS


BY:_____
          ROBERT G. OLIVER
          MULVEY, OLIVER, GOULD & CROTTA
          83 TRUMBULL STREET
          NEW HAVEN, CT  06511
          (203) 624-5111
          (203) 789-8371 FAX
          Fed Id. No. CT 00192




-10-

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid on November 12, 2004, to:

William J. Kupinse, Jr., Esq.
Warren F. Sasso, Esq
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820

And faxed to Mr. Barry this date.

_____
ROBERT G. OLIVER

F:\MO&G\Active\Fireman's Fund 006700\Wong v. Bichsel RGO 103\Pleadings\brief re mil re dsta.wpd