UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
    PLAINTIFF               CIVIL ACTION NO.:03CV288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
    DEFENDANTS              NOVEMBER 15, 2004

**DEFENDANTS' SUPPLEMENTAL PROPOSED REQUESTS TO CHARGE**

The **Defendants** propose the following **Supplemental Requests to Charge**:

**13. Serious Injury**[1]

As you have heard, the accident in this case occurred in the state of New York and, as a result, you are going to have to apply the law of New York to this case as I explain it to you. First, I will tell you that New York has a statutory scheme that requires persons injured in motor vehicle accidents

---

[1] The defendants' initial Proposed Requests to Charge included a request to charge in connection with the New York Insurance Law threshold requirement of "serious injury," §5102 (d). See Request #1. Defendants' Supplemental Proposed Request to Charge #13 supercedes the defendants' original Proposed Request to Charge #1. Original Request #2, the so-call 90/180 day test, is still appropriate and should be given by the Court.

to have sustained a "serious injury" before they can make any recovery in a personal injury lawsuit, such as this case.  New York law defines "serious injury" to be "a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which would constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

Now, based on the evidence presented by the parties, it is clear to me that portions of the New York definition of the term "Serious Injury" do not apply.  The plaintiff is living, for example, and there are no claims of dismemberment, fracture, or loss of a fetus. I am instructing you as a matter of law, therefore, that the plaintiff must prove that he has one of the following:

- a permanent consequential limitation of use of a body organ or member;
- a significant limitation of use of a body function system; or
- a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which would constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

I will now instruct you on the law as to each of these three categories of serious injury.

**Insurance Law, § 5102 (d)**

**14.   No-Fault Law---Threshold–Permanent Consequential Limitation of Use of Body Organ or Member.**

In order to determine whether the plaintiff has sustained a serious injury you must answer the following question: As a result of the accident, has he sustained a permanent consequential limitation of the use of a body organ or member?

A limitation of the use of a body organ or member means

that the body organ or member does not operate at all or operates only in some limited way.  It is not necessary for you to find that there has been a total loss of the use of the body organ or member.  The limitation of use must be consequential which means that it is significant, important or of consequence.  A minor, mild or slight limitation of use is not significant, important or of consequence.

If you find that the plaintiff has (1) a limitation of the use of a body organ or member, (2) that the limitation is consequential, in other words, significant, important or of consequence, and (3) that the limitation is permanent, you must answer the question "Yes."  If you find that the plaintiff has failed to prove each and every one of these three requirements, you must answer the questions, "No."

>  **Adapted from PJI 2:88F, No-Fault Law---Threshold–Permanent Consequential Limitation of Use of Body Organ or Member.**

   15.   **No-Fault Law---Threshold–Significant Limitation of Use of Body Function or System**

In order to determine whether the plaintiff has sustained a serious injury under the category of a Significant Limitation of Use of Body Function or System you must answer the following

question: As a result of the accident, has the plaintiff sustained a significant limitation of use of a body function or system?

A limitation of the use of a body function or system means that the function means that the function or system does not operate at all or operates only in some limited way.  It is not necessary for you to find that there has been a total loss of the use of the body function or system or that the limitation is permanent.  However, the limitation of use must be significant, meaning that the loss is important or meaningful. A minor, mild or slight limitation of use is not significant.

If you find that there has been (1) a limitation of use of a body function or system, and (2) that the limitation of use is significant, in other words, that the limitation of use is important or meaningful, then you must answer the question "Yes."  If, on the other hand, you find that there has been no limitation, or that the limitation is not significant, in other words only a minor, mild or slight limitation of use, you must answer the question "no."

> **Adapted from PJI 2:88F, No-Fault Law-Threshold—Significant Limitation of Use of Body Function or System**

**Reservation:** The defendant reserves the right to submit amended or additional requests to charge based upon evidence or other developments during the course of the trial.

**Please note the #2 of the defendants original Proposed Requests to Charge properly submits the issue for the Non Permanent Medically Determined Injury That Prevents Performance Of Usual and Customary Daily Activities For 90 of 180 Days Immediately Subsequent to Injury.**

```
                              DEFENDANTS, JILLIAN WONG AND
                              ALEX WONG


                        BY:   _____
_____              ROBERT G. OLIVER
                                    MULVEY, OLIVER, GOULD & CROTTA
                                    83 TRUMBULL STREET
                                    NEW HAVEN, CT 06511
                                    (203)624-5111
                                    FED ID. NO. CT 00192
```

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was hand delivered on November 15, 2004, to:

William J. Kupinse, Jr., Esq.
Warren F. Sasso, Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT  06601

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820

_____
ROBERT G. OLIVER

F:\MO&G\Active\Fireman's Fund 006700\Wong v. Bichsel RGO 103\Pleadings\defs supplemental proposed jury instructions.wpd