UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
    PLAINTIFF               CIVIL ACTION NO.:03CV288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
    DEFENDANTS             November 18, 2004

**DEFENDANTS' SECOND SUPPLEMENTAL PROPOSED REQUESTS TO CHARGE**

The **Defendants** propose the following **Second Supplemental Requests to Charge**:

**17.  Damages — Mitigation**

A person who has been injured is not permitted to recover for loss of earnings to the extent that such loss of earnings could have been avoided by using means which a reasonably prudent person would have used to avoid the lost earnings.  The defendants claim that if the plaintiff could not perform after the accident his construction or maintenance duties as he could before the accident, he could have mitigated his lost earnings, in other words, reduce the lost earnings by engaging in some

other form of trade or profession or by seeking vocational rehabilitation.

The burden of proving that the plaintiff failed to mitigate his lost wages by engaging in some other reasonable trade or profession or by seeking vocational rehabilitation is on the defendants.  If you find that the plaintiff is entitled to recover in this action, then in deciding what damages the plaintiff may recover for his lost earnings, you must decide whether in failing to engage in some trade or profession or by seeking vocational rehabilitation the plaintiff acted as a reasonably prudent person would have acted under the circumstances.  If you find that in not engaging in some trade or profession or by seeking vocational rehabilitation the plaintiff acted as a reasonably prudent person would have acted, then the plaintiff is entitled to recovery for his lost wages, as you find them to be, without regard to the possibility of other work.  If, however, you find that the plaintiff could have reduced his lost wages by engaging in some other trade or profession or by seeking vocational rehabilitation, you will take that fact into consideration in arriving at the amount of damages that you award for lost

earnings.

> **Adapted from PJI 2:325 Damages — Mitigation — General Principles**
>
> **Bell v. Shopwell, Inc., 119 A.D.2d 715, 501 N.Y.S.2d 129, 131 (1986).**

**Reservation:** The defendant reserves the right to submit amended or additional requests to charge based upon evidence or other developments during the course of the trial.

```
                        DEFENDANTS, JILLIAN WONG AND
                          ALEX WONG


            BY:_____
                    ROBERT G. OLIVER
                    FRANCIS J. DRUMM, III
                 MULVEY, OLIVER, GOULD & CROTTA
                    83 TRUMBULL STREET
                    NEW HAVEN, CT  06511
                    (203) 624-5111
                    (203) 789-8371 FAX
                    Fed Id. No. CT 00192/ CT 24352
```

**<u>CERTIFICATION</u>**

    This is to certify that a copy of the foregoing was mailed, postage prepaid on November 18, 2004, to:

    William J. Kupinse, Jr., Esq.
    Warren F. Sasso, Esq.
    Goldstein & Peck
    P. O. Box 1538
    Bridgeport, CT  06601

    Edward L. Barry, Esq.
    Hamm & Barry
    5030 Anchor Way, Gallows Bay
    Christiansted, VI  00820

                                          _____
                                          FRANCIS J. DRUMM, III
                                          ROBERT G. OLIVER