2004 NOV 19 P 2:41

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

******************************
JOSEPH P. BICHSEL :
Plaintiff, :
:
v. :
:
JILLIAN WONG and :
ALEX WONG :
Defendants. :
******************************

CIVIL ACTION NO.: 03-CV-0288 (WWE)

NOVEMBER 19, 2004

**PLAINTIFF'S TRIAL MEMORANDUM RE NEW YORK STRUCTURED PAYMENT STATUTE ; OBJECTION TO DEFENDANTS' THIRD SUPPLEMENTAL REQUEST TO CHARGE**

Plaintiff has previously argued that New York remedy law should not apply in this case, but the Court has disagreed, holding that the New York no-fault statute governs. Without waiving Plaintiff's continuing objection to the application of New York law in this case, Plaintiff brings to the Court's attention a New York tort reform statute and proposes the following proposed special verdict form that relates to the manner and mode of a jury's proper assessment of economic versus noneconomic damages, and the judge's special role in entering judgment on that verdict. New York's Consolidated Civil Practice Law and Rules, § 5041 (relating to non-medical malpractice personal injury actions). That statute has been held to apply in federal court diversity cases applying New York tort law, *Alisandrelli v. Kenwood*, 724 F.Supp. 235 (SDNY 1989);*In re Joint Eastern and Southern Districts Asbestos Litigation*, 798 F.Supp. 940 (EDNY 1992), *rev'd oth grds*, 995 F.2d 343, but not

in a case based primarily upon admiralty jurisdiction. *Stanley v. Bertram-Trojan, Inc.*, 868 F.Supp. 541 (SDNY 1994).

Under Section 5041, the Court enters judgment in lump sum for

- any past damages (economic or noneconomic)
- for noneconomic damages less that $250,000.
- litigation expenses

In addition, the Court must award Plaintiff 4% prejudgment interest on these items, as well as the future damage payments (below), and Plaintiff makes such a claim in this case.

Under Section 5041, the Court "structures" the future damages award as follows:

The Court must:

- enter a judgment for the amount of the present value of a guaranteed annuity contract that will provide for the payment of the future damages in periodic installments (except the first $250,000 of noneconomic damages)

- For economic loss the payments are structured over the period that the jury determines; for noneconomic loss over 10 years (or a shorter period, if the jury determines a lesser period applies).

- Enter a lump sum judgment for the first $250,000 of noneconomic damages, and "structure" the balance by requiring Defendant to purchase an annuity.

- Require defendant to guaranty the annuity (which pays only for the plaintiff's life, with no guaranteed term of years).

- Further require that the annuity contain a 4% annual escalation clause.

- Calculate the present value of the annuity contract in accordance with generally accepted actuarial practices by applying the discount rate in effect at the time of the award (Treasury securities, *Coyne v. Etra*, 703 NY Supp 869, 875 (NY Supp. 1999)) to the full amount of the remaining future damages.

The parties may waive application of the statute. CPLR § 5041(f). Plaintiff is willing to consider that (depending on the court's rulings on the objections to the economic testimony of Dr. Pettingill). In that event, plaintiff would approve a modified version of the instruction proffered by defendants. The instruction should not refer to Connecticut's discount rate, however, because there is "expert testimony to establish another rate." Defendants' proposed Third Supplemental Proposed Charge to the Jury is further argumentative and an improper in that it suggests that plaintiff may "from time to time" be in pain, or that he may need "chiropractic" care in the future.

Finally, an evenly-balanced charge to the jury with respect to noneconomic loss should be given instructing the jury, simply, that it should consider not only future inflation but also the investment potential of the award.

RESPECTFULLY SUBMITTED this 19th day of November, 2004.

THE PLAINTIFF,
JOSEPH P. BICHSEL by

Warren F. Sasso, Jr.
Fed. Bar No.: CT-18128
Goldstein and Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601
Tel: (203)334-9421
Fax: (203)334-6949

Edward L. Barry, *pro hac vice*; CT24618
Attorney for Plaintiff
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, St. Croix, V. I. 00820
Tel. 340.773/6955
Fax 340.773.3092
elb@hammbarrylw.com

**CERTIFICATION**

This is to certify that the foregoing was hand delivered on this 19th day of November 2004, to:

Robert G. Oliver, Esq.
Francis J. Drumm, III, Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, Connecticut 06511

Warren F. Sasso, Jr.