## THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

:k1:1::i::R1::8:1::1:8:1:1:N 4:I:c1:1:*:I:*:I:a::I:I:1:4::1.I:I::U

JOSEPH P. BICHSEL                    CIVIL ACTION NO.: 03-CV-0288
Plaintiff,

v.                                   DECEMBER 28, 2004

JILLIAN WONG and
ALEX WONG
Defendants.
:V 1,1:1:1:1: 1̶ is * :t:1::I::t::1: 4:,t:1:1::1:1:1; :: I, 1, :1.1: 4: 1̶

### NOTICE OF APPEAL

Pursuant to F. R. A. P. 4(a)(1), and other applicable rules, Joseph P. Bichsel hereby

gives notice and appeals to the United States Court of Appeals for the Second Circuit

from the following Judgments, Orders, and/or parts thereof, which are attached and fully

¡ncorporated as part of this notice:

(1) Final_ judgment entered on December 1, 2004, attached hereto as Exhibit A.

(2) Ruling and/or order dated November 5, 2004, regarding choice of law attached

hereto as Exhibit B.

(3) Ruling and/or order dated November 18, 2004, granting motion in limine

regarding evidence relating to lessened sale price of plaintiff's residence. Said motion in

limine and docket sheet entries reflecting the court's ruling and/or order are attached

hereto as Exhibit C.

(4) Such other rulings and/or orders of the court that impact, support, and/or

otherwise provided a basis for the judgments, rulings, and orders listed above.

THE PLAINTIFF,

JO          B      EL by

Warren F.    1 so, ,
Fed. Bar No.: CT-18128
Goldstein and Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601
Tel: (203)334-9421
Fax: (203)334-6949

CERTIFICATION

This is to certify that a copy of the foregoing Notice of Appeal was transmitted, by

facsimile and first class mail postage prepaid on this 28"i day of December 2004, to:


Robert Oliver, Esq.
Francis J. Drumm, 111, Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, Connecticut 06511

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, U.S.V.I. 00820

Warren F. Sasso, Jr.



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL

v.                                          3:03CV288 (HBF)

JILLIAN WONG, ALEX WONG

### JUDGMENT

This action came on for trial before a jury and the Honorable Holly B. Fitzsimmons, United States Magistrate Judge after a Consent to Proceed Before a United States Magistrate Judge was filed on July 14, 2004.

On November 23, 2004, after deliberation, the jury entered a verdict in favor of Joseph P. Bichsel for economic damages in the amount of $22,711.47 and non-economic damages in the amount of $89,200.00 against defendants Jillian Wong and Alex Wong.

It is therefore ORDERED and ADJUDGED that judgment is entered for the plaintiff Joseph P. Bichsel in the amount of $111,911.47 and the case is closed..

Dated at Bridgeport, Connecticut, this 29th day of November 2004.

KEVIN F. ROWE, Clerk

By

Deputy Clerk

Entered on Docket

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL

V.                                    CIV. NO. 3:03CV288 (HBF)

JILLIAN WONG and
ALEX WONG

RULING ON MOTION IN LIMINE RE: CHOICE OF LAW [Doc. #32]

This is a diversity action based on negligence, filed by
plaintiff Joseph P. Bichsel, seeking damages for personal
injuries and losses sustained in a motor vehicle accident on June
26, 2001.  Defendants have admitted liability for the accident.
This action was filed on February 18, 2003, in Connecticut
District Court. A jury trial in damages is scheduled to begin on
November 15, 2004.

Defendants Jillian Wong and Alex Wong move in limine for an
ruling on which choice of law governs this action. Defendants
argue that New York law should be applied. Plaintiff argues for
the application of Connecticut law. For the reasons that follow,
defendants' Motion in Limine [Doc. #32] is GRANTED.

FACTS

The underlying facts are undisputed.

On June 26, 2001, plaintiff was a passenger in a 1999 Nissan
automobile registered to, and operated by, Carl T. Magnone. The
front end of defendants' vehicle struck the rear of Magnone's

car, which was stopped in a line of traffic due to construction work on the Hutchinson River Parkway in Rye Brook, New York.

At the time of the accident, plaintiff was a resident of, and a domiciliary of, the United States Virgin Islands.' Magnone was a resident of Pound Ridge, New York. Magnone's vehicle was registered in New York and garaged in New York  state.

At the time of the accident, defendants Alex Wong and Jillian Wong were residents and domiciliaries of Connecticut. Jillian Wong was operating a 2001 Mercedes Benz owned by Alex Wong.  This vehicle was registered in Connecticut and was garaged in Greenwich, Connecticut.

Bichsel did not make a claim for his "basic economic loss" under the New York No Fault law against the insurance carrier of the Magnone vehicle.  NY Insurance Law §§5102(a), 5104.

At no time prior to the commencement of this suit in February 2003, did Bichsel receive any medical treatment from, or personally consult with, any doctor, hospital, therapist or other health care provider in the State of Connecticut for injuries claimed in this accident.

Plaintiff's only contacts with the state of Connecticut occurred after his lawsuit was filed in the District of Connecticut in February 2003: (1) in March 2003, plaintiff's counsel sent his x-ray and MRI films to Dr. Bronen in Connecticut for review; (2) on May 5, 2003, plaintiff consulted with Dr.

_____

'Since June 2004, Bichsel has been a resident of and domiciliary of Bend, Oregon.

2

Bartolomei at Yale in New Haven, Connecticut; and (3) in July
2004, at the request of the defendants, Bichsel underwent an
independent medical examination with Dr. Margolis at Yale in New
Haven, Connecticut.

With the exception of the foregoing, all of plaintiff's
medical treatment and examinations were in the Virgin Islands or
in New York (the latter in April 2003), until he moved to Oregon
(where he has seen a doctor and had therapy in Bend). Of his
claim for approximately $11,000 in medical expenses, only $210
relates to his visit to Dr. Bartolomei at Yale: the balance is
for services in the Virgin Islands and in New York, or most
recently in Oregon.  Approximately $2,285 of his medical expenses
were incurred in New York following the accident. Plaintiff's
claim for lost wages and impairment of earning capacity relates
solely to wages and earnings in the Virgin Islands and in Oregon.

## DISCUSSION

Defendants contend that under §§6 and 145 of the Restatement
(Second) Conflict of Laws, the correct law to apply is New
York's. The Court agrees.

"Where the applicable law from each jurisdiction provides
different substantive rules, a conflict of laws analysis is
required."  Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir.
1998) (citation omitted).  The parties agree that there are
significant differences between the substantive laws of
Connecticut and New York, requiring a cconflict of law analysis.

3

"Federal courts sitting in diversity look to the choice-of-law rules of the forum state." <u>International Business Machines, Corp. v. Liberty Mutual Ins. Co.,</u> 363 F.3d 137,143 (2d Cir. 2004) (citation omitted).   In <u>O'Connor v. O'Connor,</u> 201 Conn. 632, 648 (1986), the Connecticut Supreme Court "expressly abandoned categorical allegiance to the doctrine of lex loci delicti in tort actions." <u>Dugan v. Mobile Medical Testing Serv., Inc.,</u> 265 Conn. 791, 800 (2003). In its place, the court adopted the "most significant relationship" test of §6 and 145 of the Restatement (Second) Conflicts of Laws. Id. at 801 (citation omitted).

A.   <u>Contacts of Each Jurisdiction-Restatement (Second) Conflict of Laws Section 145(2)</u>

Section 145 of the Restatement (Second) Conflict of Law provides that "the General Principle" is as follows:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in §6.

Subsection (2) of §145 of the Restatement (Second) Conflict of Laws provides the following contacts should be considered when applying the principles set out in §6 in tort cases:

> (a)  the place where the injury occurred,
> (b)  the place where the conduct causing the injury occurred,
> (c)  the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (d)  the place where the relationship, if any, between the parties is centered.

4

"It is the significance and not the number, of §145(2)
contacts that determines the outcome of the choice of law inquiry
under the Restatement (Second) approach. As the concluding
sentence of §145(2) provides, '[T]hese contacts are to be
evaluated according to their relative importance with respect to
the particular issue."' O'Connor v. O'Connor, 201 Conn. 632, 652-
53 (1986) (quoting 1 Restatement (Second), supra, §145(2), at p.
414).

        In this case, plaintiff's claims of personal injuries and of
lost earnings have no connection to Connecticut. Plaintiff has
pled that his injuries were proximately caused by defendants'
negligence, all of which occurred in New York. There was nothing
fortuitous about either party's presence in New York.   Svege v.
Mercedes Benz Credit Corp., 182 F. Supp. 2d 226, 230-31 (D. Conn.
2002 (emphasis added).   Plaintiff flew to New York from the
Virgin Islands to visit friends and to attend a party in
Westchester.   He was a passenger in a car being driven to JFK
airport at the time of the accident to take a return flight to
the Virgin Islands. Plaintiff states that Mrs. Wong "was on a
brief trip from her home in Greenwich to visit her dentist in
Scarsdale, [New York]" on the day of the accident. [Doc. #40 at
15]. "As comment (e) to §145 provides: `When the injury occurred
in a single, clearly ascertainable state and when the conduct
which caused the injury also occurred there, that state will
usually be the state of the applicable law . .   ."' Williams v.

State Farm Mutual Automobile Ins. Co., 229 Conn. 359, 372 (1994);
see Svege, 182 F. Supp. 2d at 230 (quoting Williams). Thus,
factors (a) and (b) weigh in favor of applying New York law.

Factors (c) and (d) of §145(2) of the Restatement, however,
are not conclusive. Under factor (c), plaintiff was a resident
and domiciliary of St. Croix, U.S. Virgin Islands, at the time of
the accident.' The defendants were, and remain, domiciled in
Connecticut. Neither side argues that the law of the Virgin
Islands should apply. Here, plaintiff and defendants "did not
share a common domicile, and the issue is not one of which
domicile is inherently important to its resolution." Svege, 182
F. Supp. 2d at 235. Finally, factor (d) is irrelevant because
there was no relationship between the parties other than the
accident.

Thus, considering all the §145(2) factors, New York had the
"most significant relationship" with the parties.

B.    Consideration of §6(2) Principles: Restatement
      (Second) Conflict of Laws

The interests to be considered in determining the choice of
law under §6(2) also weigh in favor of the application of New
York law.'

---

'Plaintiff moved to Bend, Oregon in June 2004.

'These principles include "(a) the needs of the interstate
and international systems, (b) the relevant policies of the
forum, (c) the relevant policies of other interested states and
the relative interests of those states in the determination of
the particular issue, (d) the protection of justified
expectations, (e) the basic policies underlying the particular

For purposes of this analysis, the relative policy interests of New York and Connecticut, under sections (b) and (c) and (e), are the most important factors.

Defendants correctly argue that "[t]he policies of Connecticut as the forum state are not implicated in this case because Connecticut's only connections to this case were very limited: (1) at the time of the accident the defendants were domiciled in Connecticut; (2) at the time of the accident the defendants' motor vehicle was registered and garaged in Connecticut; (3) there was a single examination of the plaintiff by Dr. Bartolomei at Yale but only after the action was commenced; (4) plaintiff's counsel sent plaintiff's x-rays and MRI films to a Connecticut doctor (Dr. Bronen) for review also after the action was commenced, and (5) the defendants had the plaintiff examined by Dr. Margolis in Connecticut as an independent medical examination." [Doc. #32 at 14]. In addition, plaintiff received his medical treatment predominately in the Virgin Islands, with some treatment in New York and Oregon. Plaintiff seeks lost wages for his time in the Virgin Islands and Oregon.

The Court finds, and the parties agree, that New York has an obvious interest in regulating conduct and liability of persons who use its highways and thoroughfares.    Svelte, 182 F. Supp. 2d

---

field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." Restatement (Second) Conflicts of Laws, §6(2), at p. 10.

at 231; <u>O'Connor,</u> 201 Conn. at 653-54 ("If the issue at stake in the present controversy were whether the defendant's conduct was negligent, we might well conclude that Quebec's interest in applying its law was of paramount significance."); Doc. #32 at 15; Doc. 440 at 8. "It is well settled that one of the purposes of New York's No-Fault Law, article 51 of the Insurance Law, was to reduce the number of common-law tort actions commenced in accidents involving the use or operation of a motor vehicle." <u>Zecca v.</u> <u>Riccardelli,</u> 742 N.Y.S. 2d 76, 78 (2002); <u>Licari v.</u> <u>Elliot,</u> 455 N.Y.S. 2d 570, 573 (1982) ("one of the obvious goals of the Legislature's scheme of no-fault automobile reparations is to keep minor personal injury cases out of court."); <u>Johnson v.</u> <u>Hartford Ins. Co.,</u> 418 N.Y.S. 2d 1009, 1011 (1979) (citing, Report of the Joint Legislative Committee on Insurance Rates, Regulation and Recodification of the Insurance Law, N.Y. Legis. Doc., 1973, No. 18, p. 7). Pursuant to New York's no fault law, there is no right of action for negligence "in the use or operation of a motor vehicle" by one "covered person" against another covered person," "except in the case of a serious injury."  NY Insurance Law §§5102(a), 5104 (2004). "Basic economic loss" covers medical expenses, loss of ea    g   etc., up to fifty thousand dollars ($50,000) per person. NY Insurance Law §5102(a).

In contrast, Connecticut abandoned its no fault insurance scheme with the passage of Connecticut Public Acts 1993, No. 93-297.  <u>See</u> Conn. Gen. Stat. §38a-369 (1993);  <u>WilloughbV v. City of</u>

New Haven, 254 Conn. 404, 427 (2000). Connecticut has no

statutory provisions establishing a threshold to limit an      red

person's access to the courts. The Court agrees with defendants'

argument that, "[a]lthough Connecticut also has a policy of

compensating persons injured in [an] automobile accident as the

result of a tortfeasor's negligence - that interest is reduced

where the location of the accident and the conduct causing the

injury both occurred in New York and the plaintiff has no

connection with Connecticut.   Connecticut's interest is also

reduced because the plaintiff was neither a Connecticut

domiciliary nor had any contacts whatsoever with the state until

after suit was brought here." [Doc. #32 at 16].

    Plaintiff places great emphasis on the O'Connor Court's

choice of Connecticut law over that of Quebec, without

consideration of the case's distinguishing facts. The Svege

Court's observations are insightful.

> While plaintiff is correct in pointing out
> that the O'Connor court characterized the
> Quebec accident as purely fortuitous and
> applied Connecticut law, there were
> additional circumstances that weighed in
> favor of the application of Connecticut law.
> The case was brought by the passenger of the
> car against the driver for injuries sustained
> in a one-car accident. `The parties, both of
> whom were Connecticut domiciliaries, were on
> a one day pleasure trip that began, and was
> intended to end, in Vermont.' Quebec law
> `provided for government funded compensation
> for victims of bodily injury caused by
> automobile accidents,' and completely barred
> any court action to recover damages. The
> court further considered it relevant that `to
> the extent that the parties might have
> anticipated being involved in an automobile
> accident, they could reasonably have expected

                    to be subject to the provisions of
                    Connecticut's no-fault act."

182 F. Supp. 2d at 231 (citations omitted).

     It is significant that, in support of his contention that

Connecticut law should apply, plaintiff states in the first

paragraph of his opposition brief that, "(i]f the Court were to

apply New York law, plaintiff would be deprived of any recompense

for the first $50,000 of his economic losses." [Doc. #40 at 1].

This is because "[p]laintiff never made any claim for "basic

economic loss" - medical expense reimbursement and limited wage

loss up to $50,000 payable as first party benefits irrespective

of fault, NY Insurance Law §§ 5102, 5103, 5104(c), and the

deadline for doing so has long passed."' Id.

_____

     'Section 5104 of the New York Insurance Law (2004) provides
in relevant part: "CAUSES OF ACTION FOR PERSONAL INJURY. (a)
Notwithstanding any other law, in any action by or on behalf of a
covered person against another covered person for personal
injuries arising out of negligence in the use or operation of a
motor vehicle in this state, there shall be no right of recovery
for non-economic loss, except in the case of a serious injury, or
for basic economic loss."

     Section 5102(a) of the New York Insurance Law (2004) defines
"basic economic loss" as up to $50,000 per person of medical
expenses, lost earnings, and specified incidental expenses.

     Section 5102(d) defines "serious injury" as "personal injury
which results in death; dismemberment; significant disfigurement;
a fracture; loss of a fetus; permanent loss of use of a body
organ, member, function or system; permanent consequential
limitation of use of a body organ or member; significant
limitation of use of a body function or system; or a medically
determined injury or impairment of a non-permanent nature which
prevents the injured person from performing substantially all of
the material acts which constitute such person's usual and
customary daily activities for not less than ninety days during
the one hundred eighty days immediately following the occurrence
of the injury or impairment."

Here, defendants raised the issue of the applicability of New York's No Fault law in their First Affirmative Defense. Both the accident and the alleged conduct occurred in New York. Both parties had business in New York, either personal or otherwise, on the day of the accident.    Fortuity was not a consideration in this case.  See Svege, 182 F. Supp. 2d at 231. New York's interest in applying its highway safety standards weighs in favor of the application of its law, whether the action is brought in state or federal court. Indeed, all of these factors weigh in favor of applying New York law.

The Court next considers "the protection of justified expectations" under §6(2)(d).  Notwithstanding plaintiff's arguments to the contrary, all of the "justified expectations" of the plaintiff at or just before the accident would weigh in favor of the application of New York law. As set forth above, plaintiff was a passenger in a car registered and insured in New York and operated by a New York resident with whom he was visiting. The accident occurred in New York. A justified expectation would be that, in the event of a motor vehicle accident, plaintiff would have insurance coverage under the driver's insurance policy and would have the benefits of the insurance and motor vehicle laws and regulations of New York state. The Court does not find plaintiff's contention credible that he expected that Connecticut's substantive law would apply and govern any action brought resulting from personal injuries sustained in a motor vehicle accident in New York.

11

Defendants argue, and the Court agrees, that factors §6(2)(a), "the needs of the interstate and international systems," and (f) "certainty, predictability and uniformity of result," of the Restatement (Second) Conflicts of Law are not conclusive. Plaintiff offered no argument under either of these factors.  This case is not one that implicates the relationships between Connecticut, New York and/or another governmental system, as set forth in §6(2)(a). "Predictability and the protection of settled expectations are less significant because the settled expectations of parties are generally less important in unintentional torts than they are in fields such as contracts, property, wills and trusts, in which parties make plans on the basis of the legal consequences of their conduct."  Williams, 229 Conn. at 373 n.16 (citing O'Connor, 201 Conn. at 651-52; Restatement §6, comment (i) and §145, comment (b)).

Finally, the Court agrees that factor (g), "the ease in the determination and application of the law to be applied," does not weigh in favor of the application of either Connecticut or New York law. Both states' laws can be easily determined.

## CONCLUSION

For the reasons stated, defendants' Motion in Limine [Doc. #32] is GRANTED. The Court finds that New York law applies to this case.

Plaintiff will supplement his pretrial memoranda and provide proposed jury instructions under New York law to the Court by the

end of business Monday, November 8, 2004.

Jury selection and presentation of the evidence will begin on Monday, November 15, 2004.

SO ORDERED at Bridgeport this 5th day of November 2004.

                              /s/
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE

| 11/16/2004 | 60 | Minute Entry for proceedings held before Judge Holly B. Fitzsimmons : Jury Trial held on 11/16/2004. Jury Trial Continued Until 11/17/04, Motions terminated: 42 MOTION in Limine filed by Jillian Wong, Alex Wong. MOTION GRANTED IN OPEN COURT (Court Reporter Baldwin.) (Kolesnikoff, D.) (Entered: 11/18/2004) |
|---|---|---|
| 11/03/2004 | C 42 | MOTION in Limine to preclude testimony or introduction of evidence re: lessened sale price of residence by Alex Wong, Jillian Wong.Responses due by 11/24/2004 (Attachments:# 1 Memorandum in Support)(Candee, D.) (Entered: 11/04/2004) |

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
        PLAINTIFF              CIVIL ACTION NO. :03-CV-0288(WWE)

VS.

JILLIAN WONG and ALEX WONG,
        DEFENDANTS          OCTOBER 28, 2004

## MOTION IN LIMINE TO PRECLUDE TESTIMONY OR INTRODUCTION OF EVIDENCE RELATED TO LESSENED SALE PRICE OF PLAINTIFF'S RESIDENCE

      Pursuant to Local Rule 7, the defendants move in limine for an order precluding the plaintiff from testifying to or introducing evidence related to the lessened price for the sale of his former home in 2003 due to plaintiff's alleged inability to make improvements to the home as a result of his injuries. Evidence of this sort would be highly speculative and not based on fact and, therefore, can not satisfy the requirement of proof of lost profit with reasonable certainty.

ORAL ARGUMENT REQUESTED

TESTIMONY NOT REQUIRED

In support hereof, the defendant submits a memorandum of law.

DEFENDANTS, JILLIAN WONG AND
ALEX WONG

BY: _____
FRANCIS J. DRUMM, III
MULVEY, OLIVER, GOULD & CROTTA
83 TRUMBULL STREET
NEW HAVEN, CT 06511
(203) 624-5111
(203) 789-8371 FAX
Fed Id. No. CT 24352

ORDER

The Court, having heard Defendant's Motion in Limine re Choice of Law, it is hereby ORDERED:

GRANTED / DENIED

_____
JUDGE

2

<u>CERTIFICATION</u>

    This is to certify that a copy of the foregoing was mailed, postage prepaid on October 28, 2004, to:

    William J. Kupinse, Jr., Esq.
    Goldstein & Peck
    P. O. Box 1538
    Bridgeport, CT  06601

    Warren F. Sasso, Esq.
    Goldstein & Peck
    P. O. Box 1538
    Bridgeport, CT 06601

    Edward L. Barry, Esq.
    Hamm & Barry
    5030 Anchor Way, Gallows Bay
    Christiansted, VI 00820

                              _____
                                   FRANCIS J. DRUMM, III

3