UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
    PLAINTIFF           CIVIL ACTION NO.:03CV288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
    DEFENDANTS          JANUARY 14, 2005

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

The defendants herewith respectfully object to the plaintiff's Bill of Costs dated January 7, 2005, for the following reasons and in the following particulars:

1.A. In general, the defendants object because the plaintiff failed to append supporting receipts, invoices or evidence substantiating various items of expense claimed in violation of the Local Rule (see, e.g., L.Civ.R. 54(c)(4)(iii)). This makes it impossible for the defendants (and the court) to decipher which expenses are taxable and to what extent or amount or to compare the amounts claimed with the allowable amounts for subsistence and travel per 28 U.S.C. §1821.

1.B. In addition, defendants specifically object to the

following individual items (which are addressed in the order in which they are listed on the schedule attached to the Bill of Costs):

    (1) Thom Jackson - Uretta and Bishop Depo Video. The court granted defendant's motion to preclude the testimony of Joel Uretta. Therefore, his depo expenses are not taxable.

    As to Dr. Bishop, his video taped depo was not used in court. His testimony was presented by transcript read to the jury. Hence, the cost of his video depo are not taxable.

    Therefore, defendants object to this item in its entirety.

    (2) Thom Jackson - Caesar depo video. Dr. Caesar did not testify at trial by video. His written transcript was read to the jury. Therefore, the costs of video taping his deposition are not taxable.

    (3) Caribbean Scribes, Inc., Depo Transcripts Ureta and Pettingill. The court granted defendant's motion to preclude the testimony of Joel Uretta. Therefore, his depo expenses are not taxable. However, this item includes two depositions without any break down. Therefore, defendants are unable to determine which portion of the costs are for Uretta and not taxable and which are for Pettingill and are taxable. Defendants object to this item in its entirety.

    (4) Elicker & Associates - depo transcripts of Brian

Lipsett. The testimony of Brian Lipsett was not presented at trial, either live or by depo. Hence, his prospective testimony was not "necessarily obtained for the preparation of the case..." L.Civ.R. 54(c)(2)(ii). Therefore, the costs of his deposition are not taxable.

(5) Stephen F. Bernfeld shorthand reporter $85.00. There is no invoice or other documentation identifying who he was or for what purpose he was paid. Therefore, defendants object to this item.

(6) Eight lodging and travel items for Susan McKenzie, Carmen Cintron, and William Mayers: Holiday Inn (McKenzie, Cintron, Mayers); American Airlines (Cintron, Mayers); Jet Blue (Cintron, Mayers); and airport shuttle (Cintron, Mayers). In the absence of invoices or receipts defendants cannot determine which are appropriate and in what amounts. Therefore, defendants object to taxation in the amounts claimed.

(7) Clerk, U.S. District Court - "application fee (visitor)." This appears to be the Local Rule fee paid by attorney Edward Barry for his admission as a Visiting Lawyer in this case. (See L.Civ.R. 83.1(d)(2)). Such a fee is not a proper taxable cost but an ordinary cost of doing business as counsel. Defendants object.

2. Finally, the Bill of Costs would appear to be untimely

in that, according to L.Civ.R. 54(a), the Bill of Costs is to be filed within 10 days after issuance of the mandate of the appellate court when judgment has been appealed.  An appeal was taken in this case on December 28, 2004, and no mandate has been issued. Accordingly, this Bill of Costs would appear to be premature.

    For the reasons aforesaid, defendants object to the Bill of Costs.

```
                              DEFENDANTS, JILLIAN WONG AND
                              ALEX WONG


                         BY:        /s/
                              ROBERT G. OLIVER
                              MULVEY, OLIVER, GOULD & CROTTA
                              83 TRUMBULL STREET
                              NEW HAVEN, CT 06511
                              (203)624-5111
                              FED ID. NO. CT 00192
```

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed postage prepaid on January 14, 2005, to all counsel of record:

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820

Darren R. Altieri, Esq.
Warren P. Sasso, Esq.
William J. Kupinse, Jr., Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT 06601

                                          /s/
                                ROBERT G. OLIVER