```
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF CONNECTICUT

JOSEPH P. BICHSEL,
          PLAINTIFF              CIVIL ACTION NO.:03CV288(HBF)

VS.

JILLIAN WONG and ALEX WONG,
          DEFENDANTS             JANUARY 31, 2005
```

**DEFENDANTS' REVISED OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

The defendants herewith respectfully respond to the Plaintiff's Supplemental Documentation of Costs, dated January 19, 2005, by submitting these Revised Objections to Plaintiff's Bill of Costs.  Defendants initially objected on January 14, 2005, to the plaintiff's Bill of Costs dated January 7, 2005.  In answer to the Objections, plaintiff provided copies of certain invoices on January 19, 2005.  Nevertheless, most of defendants' objections still stand.

Accordingly, defendants submit the following as their Revised Objections:

1.A. Documentation having been supplied, this objection is now withdrawn.

1.B. defendants specifically object to the following individual items (which are addressed in the order in which they are listed on the schedule attached to the Bill of Costs):

(1) Thom Jackson - Uretta and Bishop Depo Video. The court granted defendant's motion to preclude the testimony of Joel Uretta. Therefore, his depo expenses are not taxable. **[No change from original Objection**.]

As to Dr. Bishop, his video taped depo was not used in court. His testimony was presented by transcript read to the jury. Hence, the cost of his video depo are not taxable.

Therefore, defendants object to this item in its entirety. [**No change from original Objection**.]

(2) Thom Jackson - Caesar depo video. Dr. Caesar did not testify at trial by video. His written transcript was read to the jury. Therefore, the costs of video taping his deposition are not taxable. [**No change from original Objection**.]

(3) Caribbean Scribes, Inc., Depo Transcripts Ureta and Pettingill. The court granted defendant's motion to preclude the testimony of Joel Uretta. Therefore, his depo expenses are

not taxable.  The documentation provided January 19, 2005, indicates that the cost for Uretta amounts to $377.50. Defendants object to this amount.

Defendants withdraw their objection to the balance of $1,049.60 for Pettingill.

(4) Elicker & Associates - depo transcripts of Brian Lipsett.  The testimony of Brian Lipsett was not presented at trial, either live or by depo. Hence, his prospective testimony was not "necessarily obtained for the preparation of the case..." L.Civ.R. 54(c)(2)(ii).  Therefore, the costs of his deposition are not taxable. **[No change from original Objection.]**

(5) Stephen F. Bernfeld shorthand reporter $85.00.  The invoice indicates he was paid to attend at court and read a transcript into evidence.  However, he did not, in fact, read any transcript.  An attorney from Goldstein & Peck was used. Therefore, this item is not taxable. Nor would the costs of such employment be taxable in any event. Therefore, defendants object to this item. [**No change from original Objection.**]

(6) Eight lodging and travel items for Susan McKenzie,

Carmen Cintron, and William Mayers: Holiday Inn (McKenzie, Cintron, Mayers); American Airlines (Cintron, Mayers); Jet Blue (Cintron, Mayers); and airport shuttle (Cintron, Mayers). In view of the receipts provided, defendants do not object to these items: Cintron air fare $195 and $251.40; Mayers air fare $200 and $251.40; airport shuttle $128; lodging for McKenzie $178.37, Cintron $232.96 and Mayers $233.16.

(7) Clerk, U.S. District Court - "application fee (visitor)." This appears to be the Local Rule fee paid by attorney Edward Barry for his admission as a Visiting Lawyer in this case. (See L.Civ.R. 83.1(d)(2)). Such a fee is not a proper taxable cost but an ordinary cost of doing business as counsel. Defendants object. **[No change from original Objection.]**

2. Finally, the Bill of Costs would appear to be untimely in that, according to L.Civ.R. 54(a), the Bill of Costs is to be filed within 10 days after issuance of the mandate of the appellate court when judgment has been appealed. An appeal was taken in this case on December 28, 2004, and no mandate has been issued. Accordingly, this Bill of Costs would appear to be premature. [**No change from original Objection.**]

For the reasons aforesaid, defendants object to the Bill of Costs.

```
                              DEFENDANTS, JILLIAN WONG AND
                              ALEX WONG


                         BY:  _____/s/_____
                              ROBERT G. OLIVER
                              MULVEY, OLIVER, GOULD & CROTTA
                              83 TRUMBULL STREET
                              NEW HAVEN, CT 06511
                              (203)624-5111
                              FED ID. NO. CT 00192
```

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed postage prepaid on February 1, 2005, to all counsel of record:

Edward L. Barry, Esq.
Hamm & Barry
5030 Anchor Way, Gallows Bay
Christiansted, VI  00820

Darren R. Altieri, Esq.
Warren P. Sasso, Esq.
William J. Kupinse, Jr., Esq.
Goldstein & Peck
P. O. Box 1538
Bridgeport, CT 06601

                                    /s/
                            ROBERT G. OLIVER